## Killam *against* Preston.

*Assumpsit* will not lie by one partner to recover from the other a balance due upon the settlement of their partnership account, without proof of an express promise to pay.

A partnership account stated by one partner after the dissolution, and presented to the other, who retains it in his possession for more than a year without objection to it, is not sufficient evidence, upon which a recovery of the balance appearing to be due upon it, may be had. Nor is the copy of such account retained by the plaintiff evidence at all, without notice to produce the original.

ERROR to the Common Pleas of *Wayne* county.

Warner M. Preston against Jacob Killam. This was an action on the case in *assumpsit.* The case is fully stated in the opinion of the court.

*Wheeler* and *Case*, for plaintiff in error. This partnership had been dissolved for two years and a half, when one of the partners makes up an account and sends it to the other, and this was decided by the court below to be sufficient evidence for a recovery; and not only that, but for a recovery of the whole balance, which even if the account were right, was double the amount he was entitled to. These parties were raftsmen, and not subject to those rules of mercantile law which give effect to accounts rendered in the course of a correspondence. 1 *Story Com.* 500, *pl.* 526. Besides, the account given in evidence was but a copy of what the plaintiff alleged to be the ground of his action.

*Fuller, contra.* These parties were partners, and come peculiarly within that rule which requires the party who receives an account rendered to make his objections, if he has any, within a reasonable time. 2 *Vern.* 276; 2 *Vez. Jr.* 239; 3 *Johns. Chan.* 569; 2 *Atk.* 252; 7 *Cranch* 147; 1 *Binn.* 191. The objection that the paper given in evidence was but a copy was not made in the court below.

[Killam v. Preston.]

The opinion of the Court was delivered by

KENNEDY, J.—In April 1837, the plaintiff and defendant entered into a partnership for the purpose of buying and selling lumber, which was continued until the latter end of August in the same year, when they gave up the business. Something better than two years afterwards, Preston made out an account of their partnership transactions, stating the moneys paid out and received by each, and showing a difference in his own favour of $473.65. He made out duplicates of this statement of their accounts, and placed them in the hands of a Mathias Moggridge, who, after comparing the one with the other, to see that they corresponded, delivered one of them, at the request of Preston, to Killam, who resided about 14 miles from Preston, telling Killam that Preston had sent it to him. Nearly a year afterwards, Preston receiving no communication or reply of any kind from Killam, instituted this action of *assumpsit,* for the purpose of recovering the $473.65, which, it would seem, he considered to be the balance in his favour, coming from Killam upon a settlement of their partnership accounts. In the declaration there are three counts : one for money lent and advanced; the second for money had and received; and the third upon an *account stated.*

On the trial of the cause, the plaintiff offered to prove by Mathias Moggridge, as stated above, that the witness, at the request of the plaintiff, in January 1840, nearly a year before the commencement of this suit, had delivered to the defendant a true copy of the account as stated by the plaintiff, which was produced in court. The defendant objected to this evidence; but the court overruled the objection, and admitted the evidence; to which opinion the defendant excepted; and this forms the first error assigned. We are of opinion that the court erred in receiving this evidence. For the statement of the account which was delivered by the plaintiff to the defendant, must be regarded as the original paper, and the one to which the defendant gave his assent, if he gave it to any. It was the only one shown to him; and was certainly the best evidence of its contents, whatever they might be. The duplicate retained by the plaintiff, or Moggridge, his agent, could only be considered as a copy; and at best, therefore, but secondary evidence. Hence, the plaintiff was not entitled to give it in evidence. He ought, a reasonable time before the trial came on, to have given notice to the defendant, or his counsel, to produce on the trial of the cause, the statement of the account which was delivered to the defendant; and after this had been shown, and the defendant failed to produce it, the plaintiff might then have given the copy retained by him in evidence; unless it be that the original, delivered to the defendant, would not have been evidence, if produced. The original, had it been produced, taken in connection with evidence of the defendant's having asquiesced in the account, as therein stated, might have

been some evidence of his admission, though at most very slight, that it was correct; but then, of itself, it would not have furnished sufficient legal presumption that the accounts had been settled between the parties. *Lord Clancarty* v. *Latouche*, (1 *Ball & Beatt.* 428); *Irvine* v. *Young*, (1 *Sim. & Stu.* 333). In order, however, to enable one partner, in general, to maintain an action of *assumpsit* against his co-partner, for moneys advanced or received on account of their partnership transactions, it is indispensably necessary that there should first be a settlement made of the same, by which the balance in favour of the plaintiff shall be ascertained; for, unless there be a balance coming to him on a full and final settlement of all their partnership accounts, it would be unjust that he should be allowed to recover moneys from his co-partner, when possibly, upon such settlement, it may appear that he is indebted to the partnership, instead of being a creditor. *Holmes* v. *Higgins*, (1 *B. & C.* 74); *Fromont* v. *Coupland*, (2 *Bing.* 170, S. C. 9 *Eng. Law. Rep.* 366); *Smith* v. *Barrow*, (2 *Term Rep.* 478, *per Buller, J.*).

But besides this, it would seem, from the weight of authority, that there must not only be a final settlement and balance struck, but an *express* promise to pay; otherwise the action cannot be maintained. *Foster* v. *Allanson*, (2 *Term Rep.* 479); *Fromont* v. *Coupland*, (2 *Bing.* 170, S. C. 9 *Eng. Com. Law. Rep.* 367.) The only authority to the contrary, that I am aware of, is a *nisi prius* decision of Gibbs, C. J., in *Rackstraw* v. *Imber*, (*Holt's N. P. Ca.* 368, S. C. 3 *Eng. Com. Law. Rep.* 132), where he says he considers an implied undertaking sufficient. Hence it would seem that the plaintiff below fell far short of proving all that was requisite to enable him to maintain this action.

The remaining error is an exception to the charge of the court, in instructing the jury that the defendant, by keeping the account without objecting to it, made it necessary for him to show, by proof, that the account was not correctly stated; that the defendant being in the same county, about 14 miles from the plaintiff, and having kept the account, without making any objection to it, for a year before the commencement of this action, was to be taken as having acquiesced in the correctness of it; and the plaintiff, if the jury believed from the evidence that it was so, would be entitled to recover the balance therein stated to be due him. From what we have shown the law to be, in order that a partner may maintain *assumpsit* against his co-partner for a balance claimed to be due on a settlement of their partnership accounts, it is manifest that the court erred in giving the instruction here complained of to the jury. No sufficient evidence was given of a settlement of the accounts having been made between them, showing a balance thereon to be due by the defendant to the plaintiff. And if an express promise be requisite, not a tittle of evidence was even offered to show it, nor was it pretended that

[Killam v. Preston.]

any ever had been made. Besides, had there been evidence given of a settlement, and a promise on the part of the defendant to pay the balance stated in the account, the court, and jury, and counsel, seem all to have fallen into a great error, in supposing that $473.65 was the real balance due, according to the items contained in the account. It was, in truth, only one-half of that sum. If the defendant were made to pay the plaintiff $473.65, it would be a complete reversal and transposition of the situation of the parties. It would increase the defendant's credits to the present amount of the plaintiff's debits; and deducted from the latter, as it must be, if paid, would reduce the plaintiff's debits to the present amount of the defendant's credits; but one-half the sum of $473.65, paid by the defendant to the plaintiff, will make the debits of the plaintiff precisely equal to the credits of the defendant.

Judgment reversed, and *venire de novo* awarded.