## Van Amringe *v.* Ellmaker.

4    281<br>e 26 SC ¹138

Assumpsit may be maintained by a partner on promissory notes, given to him by his co-partner for the balance of their accounts.

*Semble*, the action is maintainable on a stated account on the implied promise.

A commission issued at any time during the last of the fifteen days after the notice required by a rule of court, cannot be read.

In error from the District Court of the city and county of Philadelphia.

- *Dec.* 17. 'This was an action on two notes, dated July 1, 1832, at six and seven months respectively, each for $788 90, tried before STROUD, J. The defendant offered in evidence a paper signed by Van Amringe, reciting that he had established himself in business, and had agreed to advance on consignments of coal, for which he was to charge five per cent. commissions, and that Ellmaker had agreed to advance $1000 for the object of making said advances, and might loan further sums; therefore Van Amringe, in addition to the interest on said loans, agreed to pay Ellmaker the commissions received on advances. Also, an account for various sums advanced by Ellmaker, up to December, 1830, and an account current,

dated January 1, 1833, in which the balance was struck 15th of June, 1832, and an entry under date of the 27th of July, 1832, as follows:

$2758 72
392 04 } less commissions here charged but deducted now, to be settled hereafter.
3)2366 68
788 89–1

Also, an account, with interest charged to June, 1837, composed of credits for commissions, and cash received, and debts for other notes than those now in controversy.

These were coupled with an offer of parol testimony, that the parties were partners in regard to the transactions on which the notes in suit were founded, and were all rejected.

The judge also rejected evidence of partnership between the parties, from September, 1830, until July, 1832. These constituted the first and second errors assigned.

·. The third exception was, to the rejection of a commission under a rule taken March 22d, on fifteen days' notice, which was issued April 6th, in the evening, after the office was closed.

The fourth was to the rejection of a receipt for notes of third persons, to be applied to the credit of Van Amringe when paid. On comparison of the account and receipt during the argument, it was found that credits had been allowed for them before striking the balance for which these notes were given, and the exception was abandoned.

*W. Hirst*, for plaintiff in error.—The offer to show a partnership in the transaction went to the root of the action, which is assumpsit, and it was determined in Killam *v.* Preston, 4 Watts & Serg. 14, that an express promise is necessary to sustain an action for a balance agreed between partners. [BELL, J.—The authorities there cited do not sustain the *dictum ;* I think they show a settlement without an express promise is sufficient.] As to the *commission*, it was taken out of the office at so late an hour that cross-interrogatories could not have been filed, and none were filed, so that no injury was done.

*Rawle* and *Randall*, contrà.—The balance was struck and the note was an express promise, conceding there was a partnership as alleged. The commission was irregular ; if counsel could take it out of the office, it is presumed we might have got in to file our interrogatories. [ROGERS, J.—You had until the next day.] Otherwise there

would be no end to the narrowing of the rule which allows us fifteen days.

*Dec. 27.* Rogers, J.—We see nothing in the memorandum of the 30th of September, 1840, which indicates a partnership, but conceding that it does, and that it existed from its date until July, 1830, the partnership was dissolved on the 1st of July, 1832, for on that day a settlement took place, which resulted in the defendant, Van Amringe, giving three notes to the plaintiff, one of which is now the matter in controversy.    That one item only is left over for future settlement, will not take the case out of the well-settled principle, that on a final settlement and a balance struck, one partner may maintain an action of assumpsit against his co-partner. . The accounts were finally settled, except a claim for commissions, which it seems was reserved for future adjustment. - It cannot be doubted that it is for the benefit of all parties to partnership transactions, to encourage amicable arrangements, and not to permit, except for special causes, the whole question to be thrown open, as it would be if, notwithstanding a settlement, the parties were compelled to institute an action of account render.   And this more especially in Pennsylvania, where the latter is the only remedy in many parts of the state.    And even conceding the principle asserted in Killam v. Preston, 4 Watts & Serg. 14, that assumpsit will not lie by one partner to recover from the other a balance due upon the settlements of the partnership accounts, without proof of an express promise to pay, yet the execution of a note for the balance due after settlement is such an express promise as will sustain the suit. . Although the point is not ruled, yet Mr. Justice Kennedy, who delivered the opinion of the court in the case cited, inclines to the opinion on the authority of Foster v. Allanson, 2 Term Rep. 479, and Fromont v. Coupland, 2 Bing. 190, (9 E. C. L. R. 367,) that an express promise is necessary.    But in those cases, notwithstanding it was held that where there is an express promise, assumpsit may be sustained, yet it is not ruled that less than an express promise may not suffice.    So in Moravia v. Levy, cited 2 Term Rep, 483, there was an express promise.    The point, therefore, did not arise, although there is no doubt, Buller, J., intimates, that otherwise the objection to the action would be good.   In Fromont v. Coupland, the point is not ruled, but Park, J., expresses the opinion, that there must be an express promise.    But I must say, that I prefer the opinion of Gibbs, C. J., in Rackstraw v. Imber, 1 Holt, 368, which held that a promise was not necessary.   I am disposed to believe, that in Pennsylvania at least, where we have

no Court of Chancery, it will be held, when the fact directly arises, that there is an implication of a promise on a final settlement and balance struck. From this it follows, that the court was right in excluding the testimony offered in the first and second bills, for if true, it could not, on the principle already ruled, defeat the action. I am willing to concede, however, that if the defendant had coupled with it an offer to show mistake in the settlement, a different question would be presented. But it is plain, that the object was to defeat the action of assumpsit, and turn the plaintiff round to an action of account render. It is a question of remedy and not of right, and every purpose of justice may be as well attained in an equitable action of assumpsit. The evidence was properly excluded, because, if admitted, it could produce no practical result, and was, therefore, immaterial to the issue.

The court was right in rejecting the commission, for the simple reason that it was issued contrary to the rule of the District Court, which requires fifteen days' notice to file cross-interrogatories; whereas, fourteen days only had elapsed, before the commission was taken out and sent to New York. About this there can be no difficulty, for if we can dispense with one day, we can with two or three, and so on, and in the end there will be no rule whatever. That it was taken out after the office was closed can make no difference, for the opposite party had until the next day to file his cross-interrogatories. This is a right of which he cannot be deprived. We seldom interfere with the construction of rules of court, and only when it is necessary to produce uniformity of practice, or when a rule is common to more than one district. Each court is the best judge of the construction of its own rules.

The fourth error has been properly abandoned, and as we perceive no error in the record, we direct the judgment to be affirmed.

Judgment affirmed.