806  BOOK, Admr., *v.* O'NEIL, Appellant.

Syllabus—Statement of Facts.  [2 Super. Ct.

Harlan Book, Administrator of J. M. Davis, deceased, *v.* J. A. O'Neil, Surviving Partner of O'Neil & Davis, Late Partners.

*Partnership—Liquidating partner—Set-off—Widow's exemption.*

Where a surviving partner on settlement of the partnership business is indebted to his deceased copartner, he cannot set off against such balance a sum found to be due by his deceased partner to him on a settlement of the partnership business made in the deceased partner's lifetime, where the widow of the deceased partner has claimed the amount due on the final settlement of the partnership business under her widow's exemption.

The surviving partner holds such a trust relation to the estate passing through his hands that he cannot pay his claim to the prejudice of others, especially so, as against one of superior rank.

*Partnerships—Expenses of winding up partnership affairs.*

Although a surviving or liquidating partner is not entitled to compensation for winding up partnership business he is entitled to all necessary expenses in effecting a legal settlement of the business.

Argued May 11, 1896. Appeal, No. 7, April T., 1896, by defendant, from judgment of C. P. Butler Co., Sept. T., 1895, No. 113, for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Modified.

Assumpsit for balance due on settlement by defendant as surviving partner of the partnership business of the late firm of O'Neil & Davis. Before GREER, P. J. Judgment for plaintiff for $203.84.

On the trial the following agreement was filed:

Agreement to submit the case to court, and the following facts agreed upon by the parties:

First. J. A. O'Neil and J. M. Davis were partners in the business of drilling oil and gas wells.

Second. J. M. Davis died on or about the 16th of October, 1893, leaving a widow, Ellen Davis, and seven small children.

Third. Harlan Book was appointed administrator of said decedent.

Fourth. That the said J. A. O'Neil claimed the right, as surviving partner, to settle up the partnership estate. That he

took possession of the estate, disposed of ·the same, and stated an account showing a balance due the estate of J. M. Davis of $203.84, from which he claims the right to deduct the sum of $156.50, with interest, $18.00, making in all $174.50, due him from the said J. M. Davis at a former settlement of the partnership business, and $10.00 for expenses in settling the partnership estate after the death of the said Davis.

Fifth. That the said widow, Ellen Davis,· claimed the benefit of the exemption law and asked to have property or money to the amount of $300 set apart for the use of herself and family out of the said partnership estate, the said J. M. Davis leaving no other property of any kind.

Questions upon which we ask the opinion of the court:

Can the surviving partner, J. A. O'Neil, retain out of the assets in his hands the said balance due him from said decedent, $174.50, by a former settlement of the partnership business as against the widow's claim for the benefit of the exemption?

Can the surviving partner retain $10.00 for expenses in settling the partnership estate?

Both parties reserve the right of appeal or writ of error to the Superior Court from the decision of the court below in this case.

*Errors assigned*, were, (1–9) extracts from opinion of the court below, quoting same; (10) refusal of allowance of $10.00, for expenses referred to in opinion of the Superior Court; (11) entering judgment for plaintiff.

*S. F. Bowser*, with him *A. L. Bowser*, for appellant.—Davis could not have recovered the balance sued for: McCormick's App., 55 Pa. 254; Skiles v. Houston, 110 Pa. 257; Light v. Leininger, 8 Pa. 404; Scott's Est., 42 Pa. L. J. 475. Defendant is entitled to charge for proper and reasonable expenses connected with the litigation: Meskill v. Stratton, 7 Phila. 395.

*J. D. Marshall*, for appellee.—No question of trust or widow's exemption was raised in the cases cited by the appellant.

In settling the partnership of an estate defendant acted in a trust capacity and the balance is due from him, not as an individual, but as a trustee: Moffit v. Thomson, 57 Am. Dec. 737.

308 ·      BOOK, Admr., *v.* O'NEIL, Appellant.

Arguments—Opinion of the Court.      [2 Super. Ct.

Davis had no right of action against defendant prior to or at the time of his death.  Defendant acted as a trustee in the settlement of the partnership estate.  If defendant had refused to settle said estate and some one else had wound up the partnership affairs defendant would never have become indebted to the estate of Davis.

The rule that mutual debts actually due and payable in the same right cancel each other does not apply to this case, first, because there were no mutual debts at the death of Davis and, second, because the debts said to be offset against each other are not in the same right.  The claims remained fixed as of the time of the death of the decedent: Bosler v. Exchange Bank, 4 Pa. 32.

OPINION BY ORLADY, J., July 16, 1896 :

As shown by the case stated Davis and O'Neil were partners. The former died October 16, 1892, leaving to survive him a widow and children.

The partners had made a settlement of their personal accounts in the partnership business, and determined that there was due from J. M. Davis to J. A. O'Neil the sum of $156.50, subsequent to which O'Neil settled the firm affairs.  The plaintiff as administrator of Davis made demand for $203.84 as due from O'Neil in the final settlement for the reason that it was claimed by the widow and family of the decedent as part of their exemption, and brought an action of assumpsit to recover.  On February 14, 1895, O'Neil filed a statement of the firm accounts as part of his affidavit of defense, showing a balance due J. M. Davis, deceased, of $203.84, from which he claimed the right to deduct $156.50, interest $18.00, and 10.00 for expenses in settling the partnership estate after the death of Davis.  After the case was at issue by agreement of counsel, the action was put in the form of a case stated, but is not as full and clear in its terms as required by the decisions : Loux & Son v. Fox, 171 Pa. 68.

No objection is made by counsel, and the parties press for a decision.  In view of the facts we dispose of it without being bound by its irregularities as precedents.  After hearing judgment was entered in favor of plaintiff by the court below for $203.84 and costs.

When the partners settled their business and determined that $156.56 was due from Davis to O'Neil, it formed the basis of an action of assumpsit for that amount, as set out in the fourth paragraph of the case stated. "The sum of $156.50 with interest $18.00, making in all $174.50 due him from the said J. M. Davis at a former settlement of the partnership business : " Van Amringe v. Ellmaker, 4 Pa. 281; Knerr v. Hoffman, 65 Pa. 126 ; Canfield v. Johnson, 144 Pa. 61.

The date of the settlement is not given, but from the account filed by O'Neil, in which $18.78 is given as the interest on $156.50 to date, May 10, 1895, it is fixed at or about May 10, 1892.

By section 5 of the act of April 14, 1851, P. L. 612, the widow or the children of Davis were entitled to retain of the estate of the decedent real or personal property of the value of $300. This right vested at the time the widow elected to exercise her right: Kerns' Appeal, 120 Pa. 523.

It was a right superior to that of any creditor, and postpones all other claimants of the class to which the O'Neil debt belonged, he being only a general creditor of Davis. This debt was due by Davis to O'Neil, not to the firm. The final adjustment of the partnership business by O'Neil clearly fixed $203.84 as the amount he was indebted to the estate of J. M. Davis.

It is not stated in terms that the Davis estate is insolvent, but it is that Davis died "leaving no other property of any kind " " than the interest in the partnership estate ; " it follows that it was insolvent as to creditors after payment of the widow's claim.

O'Neil, as surviving partner, held a trust relation to the estate and cannot pay his claim to the prejudice of others, especially so, as against one of superior rank.

The time is not mentioned when the firm debts were paid or when the amount due from O'Neil to Davis was fixed, but the rights of creditors are fixed at the death of decedent; and of a widow at the time she elected to exercise her right. Nothing that the executor or administrator (or in this case the surviving partner) can do, can alter the course of distribution : Bosler v. Exchange Bank, 4 Pa. 32; Appeal F. & M. Bank, 48 Pa. 57 ; Steamship Dock Co. v. Heron, Admr., 52 Pa. 280; Nice's Appeal, 54 Pa. 200 ; Hicks, Admx., v. Bank, 168 Pa. 638.

By reason of O'Neil volunteering to settle the partnership business, he should not have a right as liquidating partner which he could not assert if another had discharged that trust. If a stranger to the partnership had adjusted its affairs, O'Neil could not have standing to thus prefer his personal claim : Moffat v. Thompson, 57 Am. Dec. 737.

Skiles v. Huston, 110 Pa. 253, is not applicable to the facts of this case for the reasons given.

We think the item of $10.00 should be allowed as it is "for expenses in setting the partnership estate after the death of Davis." While it is true that a surviving partner is not entitled to compensation for winding up the partnership business, Beatty v. Wray, 19 Pa. 516 ; Brown v. McFarland, 41 Pa. 129, it cannot be disputed that he is entitled to credit for counsel fees and necessary expenses to effect a legal settlement of the business.

The several assignments of error, except the tenth which is sustained, are overruled. Thus modified the judgment is affirmed, allowing a credit of the $10.00 claimed as expenses. The costs to be paid by the appellant.