# Esterly v. Bressler.

*Partnership—Dissolution—Liquidating partner.*

Under an agreement for dissolution of a partnership when one partner agreed to permit the other to collect the outstanding debts due the firm, a resumption of business relations or even forming of a new partnership would not reinvest the renouncing partner with the right to collect outstanding debts due the first partnership.

Submitted Nov. 16, 1900. Appeal, No. 218, Oct. T., 1900, by defendant, in suit of Elizabeth R. Esterly, Francis R. Esterly and Alfred B. Yorgey, administrators of Amos S. Esterly, deceased, against Frank F. Bressler, from judgment of C. P. Berks County, Jan. T., 1900, No. 16, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Assumpsit. Before ENDLICH, J.

The facts sufficiently appear from the opinion of the court below refusing rule for new trial.

Prior to March 30, 1889, Amos S. Esterly and defendant

were partners. On that date, the partnership was dissolved, defendant transferring all his interest in the firm's business and property to Esterly, and covenanting not to receive, but to permit Esterly to collect, outstanding claims of the firm. Among these was a charge as of October 10, 1885, against one Lenhart, for which a judgment had been obtained and entered to No. 18, May term, 1886. This judgment, with interest and costs, was collected by Bressler on June 22, 1899. The present suit is brought by Esterly's administrators to recover from Bressler the amount thus collected by him, with interest. The defense alleged upon the trial was, that, subsequently to the dissolution of partnership in March, 1889, defendant and Amos S. Esterly again went into partnership in the same business, thereby renewing their former relation and annulling its severance; that thus Bressler became reinvested with authority to collect the Lenhart claim; and that, the accounts of the later partnership being still unsettled, this action could not be maintained. One trouble about this contention is that there was no evidence to support it. All that the testimony seems to show is, that, some time after the dissolution of March, 1889, there were negotiations between Esterly and Bressler, as the result of which Esterly got back the notes which he had given Bressler for his interest in the firm (whether upon payment of the amount of the notes by Esterly, or without, does not appear), and Bressler went into Esterly's employ for the purpose of "superintending and soliciting and general managing," his compensation to be a salary of $20.00 per week and a share of the profits of the business. Of course, a mere arrangement whereby an employee's services are to be compensated, in whole or in part, by his receipt of a share of the profits, does not constitute him a partner: Ryder v. Jacobs, 182 Pa. 624. But even if there be enough in the evidence to make it a question whether a new partnership was formed or not (see s. c. 196 Pa. 386), there is nothing to justify a finding that the previous agreement had in any way been abrogated, or that, under the new arrangement, Bressler reacquired the rights which by the contract of dissolution he had renounced in respect of the claims due to the old partnership. A result so extraordinary, confusing and unpractical ought to be predicated upon evidence pointing to it with some degree of persuasiveness. In the absence of any

such, there is really no relevancy in the fact, if it be conceded to be a fact, of the second partnership, unless it be upon the theory that, the accounts of the second partnership being still unsettled, the question whether defendant, ex æquo et bono, ought to pay the plaintiffs anything by reason of his receipt of the Lenhart claim, cannot be decided in this action. But, apart from other obvious difficulties in the way of such a defense, the fact that Esterly died, and that by his death the second partnership was dissolved, in 1891, cuts it out by force of the statute of limitations. There being no longer any right in defendant to sue for an accounting and payment to him of any balance thereby found in his favor (Guldin v. Lorah, 141 Pa. 109), he is not in a position to set off any such right against the plaintiff's demand: Leas v. Laird, 6 S. & R. 129; Bank v. Schuylkill Co., 190 Pa. 188, 191.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for plaintiff and in refusing binding instructions for defendant.

*Rothermel Bros.*, for appellant.—Bressler should have been allowed a credit of $50.00 for collecting the amount of said judgment: Book v. O'Neil, 2 Pa. Superior Ct. 306.

It seems to us that the same rules which govern the court in the trial of cases on motions for nonsuit ought to determine the question as to whether this case should have been submitted to the jury : Lerch v. Bard, 153 Pa. 573.

*Isaac Hiester*, for appellees.

PER CURIAM, December 10, 1900 :

The court below was clearly right in holding that the defendant's evidence would not justify a finding that the contract of dissolution was abrogated, or that under the new arrangement the defendant reacquired the rights which by the former contract he had renounced in respect of the claims due to the old partnership. Under the agreement of dissolution the defendant had no right to collect the judgment in question ; indeed, he covenanted that he would not "receive or discharge any of the

goods or debts of said firm or do any act to hinder the said Amos S. Esterly from receiving the same; " but would permit the latter to recover and receive the same without accounting to him. His action in issuing an execution to collect this debt was in direct violation of this covenant, and, therefore, he was not entitled to reimbursement for the outlay of money he needlessly made without the plaintiffs' request, knowledge or approval. The case is not in any respect analogous to the case of Book v. O'Neil, 2 Pa. Superior Ct. 306. The correctness of the instructions to the jury is so clearly shown in the opinion of the learned judge of the court below discharging the rule for new trial that further discussion by us is unnecessary.

Judgment affirmed.