## Kurtz et al. *v.* County National Bank, Appellant.

*Insolvency—Deposits in bank—Set-off by bank against notes not due—Preference—Banks and banking.*

1. There is no implied right in a bank to charge off deposits and apply them to discounted notes of the depositor not presently payable.

2. In Pennsylvania, a bank which is advised that a depositor is insolvent and that bankruptcy proceedings are inevitable, has no right to charge off the balance of deposits due the depositor and apply the amount thereof to the payment of unmatured notes discounted for the depositor.

Argued January 17, 1927. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 60, Jan. T., 1927, by defendant, from order of C. P. Clearfield Co., Dec. T., 1925, No. 106, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Charles T. Kurtz et al., Receivers of Gearhart Knitting Machine Co. v. County National Bank of Clearfield. Affirmed.

Assumpsit to recover funds of insolvent unlawfully appropriated,

Rule for judgment for want of sufficient affidavit of defense.   Before CHASE, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute.   Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*Owen J. Roberts,* with him *C. Russell Phillips, W. Wallace Smith* and *John C. Arnold,* for appellant.—The Pennsylvania rule against set-off after receivership is a rule based on reasons which do not exist prior to receivership: Chipman v. Bank, 120 Pa. 86; Blum Bros. v. Bank, 248 Pa. 148.

The bank properly applied the deposits to an unmatured note prior to the receivership: Crall v. Ford, 28 W. N. C. 366; Schuler v. Israel, 120 U. S. 506; Rolling Mill Co. v. Ore & Steel Co., 152 U. S. 596.

*Morris Wolf,* with him *David A. Reed, Alfred M. Liveright* and *Sidney E. Smith,* for appellees.—Insolvency gives a right to the bank, but it gives just the same right to all other creditors, namely, the right to insist that all creditors be treated alike, and that there be no preference of one over the other: Schuler v. Israel, 120 U. S. 506; Mfrs. Nat. Bank v. Jones, 2 Penny. 377; Dougherty v. Bank, 93 Pa. 227; Nat. Bank v. Gormley, 2 Walker 493.

OPINION BY MR. JUSTICE SADLER, March 14, 1927:

The Gearhart Knitting Machine Company is a Pennsylvania corporation, engaged in the manufacture of machines for making hosiery which it sells with yarn to be used in connection therewith, and has its principal place of business in Clearfield.   Its banking was carried on with the County National Bank, where obligations were discounted and deposits kept.   On July 20, 1925, notes to the amount of $100,000, partly in renewal of earlier ones, had been accepted, all of which became due in the

following November. It had on the date mentioned $7,195.97 on deposit, and two days later added $837.33. From this total a small outstanding check was paid, making the amount due, on July 22d, $7,962.60. The proper disposition of this sum gives rise to the present controversy.

On July 20th, an officer of the corporation advised the bank that the company was in financial difficulties and insolvent, with the result that bankruptcy proceedings had become inevitable. Thereafter the bank appropriated all of the deposits on hand to the partial payment of the unmatured notes. Thirty days later, receivers for the corporation were appointed by the United States District Court. These officers made demand for the amount of the deposits, already appropriated by the bank to the unmatured obligations, but payment was refused. Leave was given to bring suit, and this action of assumpsit followed. The learned court below held the bank to be without authority to take over the balance due the company as attempted, and entered judgment for want of a sufficient affidavit of defense. The defendant has appealed.

The single legal proposition raised is the right of the bank to set off the deposits held by it against the unmatured obligations, before the appointment of receivers, upon learning of the insolvency of the knitting company. Under the bankrupt law, the federal decisions, and the authorities of a majority of states, the right to apply a deposit as a set-off to a claim against the debtor not presently payable is permissible, evidently on the theory that insolvency renders all debts due. A substantial minority of the jurisdictions hold to the contrary, and Pennsylvania is of the latter class. The decisions showing the respective attitudes toward the disputed question will be found collected in 43 A. L. R. 1325, and no necessity exists for referring to them specifically in this opinion.

In our State a party whose debt is not due has no equitable or implied right to set off a claim immediately payable to the insolvent: Dougherty v. Central National Bank, 93 Pa. 227. It has been uniformly held that demands, such as bank deposits, cannot be appropriated in satisfaction of unmatured debts, when death intervenes, or an assignment for the benefit of creditors has been filed, or receivers in bankruptcy selected, for all creditors have the right to share equally in the assets: Chipman v. Ninth National Bank, 120 Pa. 86; Blum Bros. v. Girard National Bank, 248 Pa. 148; Vosburgh's Est., 84 Pa. Superior Ct. 10; Appeal of Farmers & Mechanics Bank, 48 Pa. 57. In the second of the cases last mentioned, the receivers had been appointed for the purpose of carrying on the business, though in fact the debtor was insolvent. The attempt of the bank to charge off the deposits and apply the amounts to the unmatured obligations was however held to be wrongful, and a recovery against the defendant bank had. All of the creditors were entitled to share in the proceeds, and the attempted preference was ineffective. This decision presents most carefully the Pennsylvania viewpoint, under circumstances such as are presented here.

Though it is admitted that the rule stated controls where actual adverse proceedings have been taken before the appropriation, yet it is insisted that in this case the set-off was claimed, prior to the appointment of receivers, upon acquiring actual knowledge of insolvency, at a time when no rights of others had been legally asserted. "A bank has no lien on money standing to the credit of one of its depositors for the amount of a note of such depositor discounted by the bank, but which has not matured": Manufacturers National Bank v. Jones, 2 Penny. 377. Certainly there could be no appropriation of the deposit if the debtor remained solvent, nor will his subsequent financial distress change this rule: Gerseta Corporation v. Equitable Trust Co., 241 N. Y.

418; Manufacturers National Bank v. Jones, supra; Crall v. Ford, 28 W. N. C. 366. It would make the conduct of business hazardous if the bank, which was the holder of unmatured discounted notes, could at its option take over the deposits of its customers in payment of claims not due upon learning of possible insolvency, thus withdrawing the working capital with which the debtor was conducting his business. The large borrower is usually the one, not too strong financially, who needs the funds he secures to carry on his affairs, and work out if possible a success, and he has the right to rely upon the belief that he will not be called upon to pay his notes until the time fixed. If the bank is in doubt as to its security it should not discount the paper, should make its notes payable on demand, or protect itself by an agreement to take over the deposits under fixed conditions in satisfaction of notes not due: Blum Bros. v. Girard National Bank, supra. But it has no right to appropriate the sums in its hands in payment of an unmatured obligation, in the absence of such an arrangement. There is no implied power to charge off the deposits and apply them to discounted notes not presently payable. The mere fact that the bank learns of the insolvency of its debtor gives it no right to secure a preference by acting to the prejudice of others in seizing assets which all creditors are entitled to have administered through appropriate legal channels. We are convinced that a proper conclusion was reached below.

The judgment is affirmed.