PERTH AMBOY DISTRICT COURT.

JOSEPH POLKOWITZ, PLAINTIFF, v. MELVINA GOLD-
BERGER, EXECUTRIX OF THE ESTATE OF KLARA
WEISS, DEFENDANT.

For the plaintiff, *Jacob Polkowitz.*

For the defendant, *Lewis Jacobson.*

GOLDBERGER, J. The plaintiff instituted a suit by attach-
ment on or about the 10th day of April, 1931, against the
defendant to recover funeral expenses incurred in burying
Klara Weiss, deceased, whose death occurred February 8th,
1931. The writ was duly executed on the 11th day of April,
1931, by attaching moneys to the credit of the decedent in
the First National Bank, which moneys the bank admitted
was on deposit at that time. Final judgment was entered
on the 5th day of June, 1931, in the presence of the defend-
ant, who entered an appearance at that time. Thereafter, a
rule was entered ordering said bank to show cause why
moneys attached should not be paid to the plaintiff to satisfy
the judgment.

The bank resists such payment on the grounds that the
attachment is illegal, and therefore not binding on it; and
further claims a right of set-off, alleging that the deceased
was indebted to it on a note which became due on February
19th, 1931.

The bank can make no objection to the validity of the
judgment where the executrix, as in the instant case, waived
her right to do so, if any she had, by entering her appear-
ance.

The great weight of authority appears to be against the right to set-off, where the debt has not matured. *Jordan* v. *National Shoe and Leather Bank,* 74 *N. Y.* 467; *Kortjohn* v. *Continental Bank,* 63 *Mo. App.* 166; *Bank* v. *Proctor,* 98 *Ill.* 558; *Bradley* v. *Thompson,* 98 *Mich.* 449 (see 46 *L. R. A.* 1059 for compilation of cases).

New York, while asserting the broad general proposition, qualifies it in two ways, first, if the note is a demand note, and second, if the estate is insolvent.

The following cases cited by counsel for the defendant. *Camden National Bank* v. *Green,* 17 *Atl. Rep.* 669; *Feick* v. *Hill Bread Co.,* 99 *Id.* 851, are not in point.

In the first case, the court permitted set-off on equitable principles and on facts not present in the instant case. In the second case, the estate was declared insolvent and the question of set-off was not raised.

In the more recent case of *Kurtz* v. *County National Bank,* 288 *Pa.* 472; 136 *Atl. Rep.* 789, the court holds that where insolvency intervenes, bank deposits cannot be appropriated in satisfaction of unmatured debt, and where, as in this case, no allegation has been made that the estate is insolvent, and death has intervened before maturity, set-off should not be allowed.

The mere fact that the bank learns of the insolvency (or as in this case, death), gives it no right to secure a preference by acting to the prejudice of others in seizing assets, which all creditors are entitled to have administered through appropriate legal channels. *Kurtz* v. *County National Bank, supra.*

On equitable principles, although not under the statute of set-off, the bank may set-off against insolvent decedent's deposit the amount due on notes of insolvent not due at his death. In the absence of insolvency or an equivalent equity, a debt which has not matured cannot be set-off against a debt which has.

Insolvency in fact, not confessed, or not legally established by bankruptcy or otherwise, will not warrant set-off of an

unmatured debt. *Sullivan* v. *Merchants National Bank* (*Conn.*), 144 *Atl. Rep.* 34; *Wiley* v. *Bunker Hill National Bank,* 183 *Mass.* 49; 67 *N. E. Rep.* 655.

As neither of the parties have raised the question of the right to issue execution, or right to issue the said rule, the same will be considered waived. *Boynton* v. *Sanford's Ex'rs,* 28 *N. J. Eq.* 184.

The right to set-off a demand must be vested, the demand sought to be set-off must be one upon which an action might have been commenced at the time of decedent's death. *Waterm. Set-off* 78.

Funeral expenses, being a preferred claim, have priority over the defendant's claim to set-off an unmatured debt. No equities having been claimed or any insolvency alleged, the rule will be made absolute and the bank ordered to pay the amount of the judgment due for funeral expenses.