1807.

Scott administrator of Patterson *against* Ramsay.

In Error.

*Pittsburg, Friday, September 18th.*

IN this cause, which was brought up from the Common Pleas of *Washington* county by writ of error, a case was stated for the opinion of the court, which was in substance as follows: *John Patterson* died intestate, possessed of personal property, and seised in fee of real estate. At the time of his death several persons had obtained judgments against him before justices of the peace. After his death several creditors obtained judgments against his administrator on debts by simple contract. The personal estate being insufficient, the real estate was sold by order of the Orphan's Court, and after the sale, some of the judgments obtained before justices of the peace were filed in the Court of Common Pleas, and others were not filed. The questions for this court were two:

*Debts due by a deceased person take rank according to their quality at the time of his death. Judgments obtained before a justice of the peace, when filed in the Common Pleas or made known to the administrators, must be paid pro rata with Judgments in courts of record.*

1. Whether the simple contract creditors (of whom the defendant in error was one) who obtained judgment against the administrator, were to be considered in any respect as judgment creditors of the intestate, and as such entitled to any preference in the payments to be made by the administrator out of the personal assets, or the proceeds of the real estate.

2. Whether the creditors who obtained judgment before justices of peace in the intestate's life, were to be considered as judgment creditors within the 14th section of the act of 19th *April* 1794; and whether any distinction was to be made between those whose judgments were filed, and those whose judgments were not filed, in the office of the Common Pleas.

*Addison* for the plaintiff in error.

*Campbell* for the defendant in error.

Tilghman C. J. delivered the court's opinion.

The first question has been determined by this court in the case of *Wootering* v. *The executors of Stewart.* (*December* term 1799.) It was there decided on argument and full consideration, that the order of payment was to be according to the nature

1807.

Scott
*v.*
Ramsay.

of the debt at the time of the testator's decease; and conse-
quently a simple contract creditor obtained no preference by
obtaining judgment against the executors.

It has been contended on the *second* point, that the term
*judgments*, in the act of Assembly 19th *April* 1794 is to be
restrained to judgments in a court of record. But it appears to
the court that the meaning of the word and the intent of the
legislature both call for a more liberal construction. In the same
session an act was passed by which the jurisdiction of justices
of the peace was extended to twenty pounds, and their judg-
ments, when recorded in the office of the prothonotary of the
Court of Common Pleas, were " to have the same effect as judg-
" ments obtained in the Court of Common Pleas." Of course
they become a lien on lands; and it would be most extraordi-
nary if the legislature could intend to make them a lien on
lands, and yet be of no consideration with respect to personal
assets. We are therefore of opinion that these judgments when
filed in the prothonotary's office, or when made known to the
administrator before he has paid away the estate, are to be on
a footing with judgments in courts of record. But as great
inconvenience might ensue if administrators were obliged at
their peril to take notice of such judgments, the court desire it
to be understood, that they give no opinion whether the admi-
nistrator would be guilty of a *devastavit* if he paid the estate to
creditors of an inferior nature, before he received notice of
judgments rendered by justices of the peace, and not filed.