[LANCASTER, JUNE 1, 1829.]

## OTTY and Wife *against* FERGUSON, Executor of SHUEY, and others.

### APPEAL.

Where several legacies are charged upon land, which is sold under a judgment obtained by one of the legatees, but proves insufficient to pay all the legacies, the legatee who instituted the first suit, and obtained the first judgment and execution, gains no preference thereby; but the proceeds must be distributed *pro rata* among all the legatees.

APPEAL from the Court of Common Pleas of *Dauphin* county, under the act of assembly of the 16th of *April,* 1827, "relative to the distribution of money arising from sheriffs' and coroners' sales, &c." (*Pamp. L. p.* 471.)

From the record, the substance of the case appeared to be thus: *Shuey,* the testator, gave legacies to sundry legatees, among the rest to *Otty* and wife, the appellants, all charged upon a tract of land. *Otty* and wife, to enforce payment of their legacy, having brought a suit against the executor, and obtained a judgment and sundry executions, procured the land to be sold by the sheriff; but as the money, when brought into court, was not enough to pay all the legacies, *Otty* and wife claimed a preference and to have satisfaction in full of their judgment. The other legatees insisted upon a *pro rata* dividend among all. It appeared that an issue was directed or agreed upon to try the matter in dispute, and a verdict and judgment given against the preference asked for by *Otty* and wife. But they claimed interest on their dividend, alleging interest to be a legal consequence of the judgment in their favour. It was denied by the court below, and thereupon this appeal was taken.

*Elder,* for the appellants.

*G. Fisher,* who was to have argued for the appellees, was stopped by the court.

TOD, J.—I take the decision to be right. Very pernicious would be a rule requiring each of nine legatees, as in this case, to bring a separate action; and, though there might have been no dispute in the matter, and it was the interest of all to have a judicial sale of the land, yet to compel them to load the estate with the costs of nine actions

(Otty and Wife *v.* Ferguson, Executor of Shuey, and others.)

instead of one.   The chancery practice requires no such thing, nor does our law in analogous cases.   Where a fund is legally appropriated for the satisfaction of divers co-existing fixed claims, the general rule is, that no advantage is acquired, either as to principal or interest, by priority of suit.

To obtain a judgment against the estate of a person deceased, gives no preference.   Nor does a levy on land.  *Wootering* v. *Stewart's Executors*, 2 *Yeates*, 483.   *Prevost* v. *Nicholls*, 4 *Yeates*, 479.  *Scott* v. *Ramsay*, 1 *Binn.* 221.  In *Dowley* and *Thomas* v. *Hays*, decided by this court at *Sunbury*, and not yet reported, it was held, that in case of a mortgage given to secure the payment of sundry bonds, and those bonds assigned to different holders, priority of suit or of judgment secures no advantage as against the mortgaged property.   As to the rule in equity for equal payment in these cases, see 2 *Har. Ch.* 99.  3 *Atk.* 557.  1 *Ves.* 215. 2 *P. Wms.* 50. 2 *Johns. Rep.* 576. 1 *Hen. & Mumf.* 11.

It is the opinion of the court that the judgment be affirmed.

Judgment affirmed.