## Hitchcock *against* Long.

Watts & S
2ws169
157 412

2 WS 169
34 SC 19

A transcript of the judgment of a justice of the peace, filed in the Court of Common Pleas, in pursuance of the Act of 1810, is such a judgment of that court as an attachment may issue upon, under the provisions of the Act of 16th June 1836.

ERROR to the Common Pleas of *Erie* county.

Hitchcock, Zimmerly & Co. obtained a judgment against Titus Long, before a justice of the peace, a transcript of which they filed in the Common Pleas, after having a return of " *nulla bona*" upon an execution issued by the justice; upon which they issued process in the nature of an attachment out of court in pursuance of the provisions of the Act of 16th June 1836. E. M. Cook, who had been served with the process, as garnishee, moved the court to quash the proceeding, on the ground that a transcript was not such a judgment as authorized the plaintiff to issue an attachment; and the court below, being of that opinion, made the rule absolute.

*Galbreath*, for plaintiff in error, argued that a transcript, filed under the Act of 1810, was a judgment of the court for every purpose of collection, and cited 8 *Serg. & Rawle* 479; 3 *Watts* 381.

The opinion of the Court was delivered by

ROGERS, J.—The plaintiff, in every judgment which shall be obtained in any court of this commonwealth for the recovery of money, may have execution thereof, subject to certain restrictions and qualifications, against the person and estate of the defendant, in the following order, to wit: 1. Upon the personal estate of the defendant. 2. Upon the real estate. And, 3d, if he has neither personal nor real estate liable to execution, then upon the person of the defendant. Act 16th of June 1836, 19th section. The manner of proceeding to levy stocks, deposits, and debts due to the defendant, is prescribed in subsequent sections of the same Act; and, in the latter case, it is by an attachment and levy, in satisfaction of the judgment, in the manner allowed in the case of

II.—22　　　　P

[Hitchcock v. Long.]

foreign attachment. And this proceeding was adopted here; but it has been quashed by the court, on the ground that a transcript from a justice of the peace is not embraced in the Act. The Act comprehends every judgment which shall be obtained in any court in the commonwealth. Is, then, a transcript filed, a judgment of the court in which it is filed? and has an execution properly issued, every incident of an execution on any other judgment? And this depends on the 10th section of the Act of 20th of March 1810, which provides that the prothonotaries of the respective counties shall enter on the dockets, transcripts of judgments obtained before justices of the peace of the proper counties, &c., which judgments, from the time of such entries, &c., shall bind the real estate of the defendant. It also provides, that no *fieri facias* shall be issued, &c., until a certificate shall be first produced to him from the justice before whom the original judgment was entered, stating therein, that an execution had issued, &c., and a return thereon, that no goods could be found sufficient to satisfy the demand. To say that a transcript filed in pursuance of this Act was not a judgment, would be a narrow and inconvenient construction. If not a judgment, the plaintiff, after payment of the debt, could not be compelled to enter satisfaction, as the Act regulating the entry of satisfaction extends to judgments only. And for the same reason, the plaintiff would not be bound to issue a *scire facias* to continue the lien; and of course, the lien created by the Act on the real estate of the debtor, would be indefinite in point of time. Seeing that these difficulties may arise, it behoves the court to give the Act a liberal construction; and we certainly do no violence to the spirit, and but little even to the letter of the Act, to decide that the legislature regarded it as the judgment of the court in which it was entered, and that after the return of *nulla bona*, the plaintiff may proceed to enforce payment in the same manner as on any other judgment. The Act directs the prothonotary to enter transcripts of judgments, and also speaks of the judgment before the justice as the original judgment, thereby implying that the transcript, when entered, was a judgment. But it is said that, although a judgment, it is a judgment only for the special purpose of giving the plaintiff a lien on the defendant's real property; and that the execution must be restrained to a seizure and sale of the real estate. Chief Justice Tilghman, in *Scott* v. *Ramsay*, (1 *Binn.* 221), gives the reason of the Act of 1794, from which the Act of 1810 is taken. He says, that in the Act passed, by which the jurisdiction of justices of the peace was extended to twenty pounds, the judgments of the justices, when recorded, were to have the same effect as judgments obtained in the Court of Common Pleas. This was passed to remedy a supposed defect in the Act of 1745, in not permitting the plaintiff to obtain a lien on the lands of the defendant by filing the transcript, until he had proceeded against the goods.

[Hitchcock v. Long.]

By the Act, as it now stands, he files the transcript immediately, which has all the effect of a judgment, in the Court of Common Pleas, except that he is restrained from issuing an execution upon it, until there has been a return of *nulla bona* before the justice. But after certificate filed, according to the fair interpretation of the Act, the party is at liberty to issue a *fieri facias,* in common form, commanding the sheriff to levy on the goods and chattels, lands and tenements of the debtor, without any special restriction. And this we apprehend has been the practice, and it is certainly founded on convenience. Why is it, that the plaintiff is prohibited from issuing a *fieri facias* in court, until a return of *nulla bona?* It is to save costs to the defendant; but if the defendant has no goods at the time, or will not turn them out to the constable, it is unreasonable that he should complain of the levy of the sheriff on the *fieri facias.* Why should not the sheriff be permitted to levy on the goods found in his bailiwick, and why may not the plaintiff insist on this, when he can by this means obtain immediate satisfaction for his debt, without the delay which frequently attends the collection of money out of real estate? Besides, may not the defendant insist on the sale of his personal property, which under the Act is to be first taken, so as to avoid the sacrifice of his real property? and where there are goods in another county, they can be reached only by a *testatum.* It may happen, that the defendant may have concealed his goods, or he may have acquired personal property by gift, bequest, or in some other mode, after the constable's return. This is liable to execution in satisfaction of the debt, and the most convenient mode surely is, by taking it on the execution issued from the Court of Common Pleas. Surely, you are not bound, unless there is something in the Act which absolutely requires it, to stop the proceedings on the execution in court, to. issue another execution before the justice. This, within my knowledge, never has been done. The proceeding, directed in the Act of the 16th of June, is in the nature of an execution, to obtain satisfaction of the debt, and the words are sufficiently comprehensive to embrace it, so that it falls within its reason and spirit.

Order quashing the proceedings reversed, and *procedendo* awarded.