## Peoples' Trust, Savings & Deposit Company v. Ehrhart, Appellant.

*Justice of the peace—Judgment—Transcript—Execution—Proceedings to obtain possession—Sheriff's sale—Acts of June* 16, 1836, *P. L.* 755, *March* 20, 1810, 5 *Sm. L.* 161, *June* 24, 1885, *P. L.* 160, *and May* 9, 1889, *P. L.* 176.

A judgment in a proceeding before a justice of the peace or alderman and a sheriff's jury under the act of June 16, 1836, to obtain possession

of premises by a purchaser at sheriff's sale, is not within the meaning of the statutes authorizing transcripts of judgments of justices of the peace to be filed in the office of the prothonotary, and providing that such judgments shall thereafter have all the force and effect of judgments originally obtained in the court of common pleas.

*Statutes—Construction—Repeal.*

Later statutes which do not abrogate settled practice or repeal former statutes are to be expounded as near to the use and reason of the prior law as can be, without violation of their intent.

Argued Nov. 14, 1906.   Appeal, No. 101, Oct. T., 1906, by defendant, from order of C. P. Lancaster Co., Nov. T., 1905, No. 43, Dec. T., 1905, discharging rule to strike off judgment in case of The Peoples' Trust, Savings & Deposit Company of Lancaster v. Hyman Ehrhart.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Rule to strike off judgment and dissolve attachment.   Before HASSLER, J.

The petition for the rule was as follows:

"The petition of Hyman Ehrhart, defendant above named, respectfully represents:

"That the said alleged judgment is a transcript of the docket of the late Jacob Halbach, Esq., Alderman of the City of Lancaster, deceased, filed under the hand of Chas. F. Stauffer, Esq., Alderman, and the same were proceedings instituted before said Jacob Halbach, Esq., Alderman, by the said plaintiff, after notice of three months, on the 17th day of August, 1900, for the purpose or ostensible purpose of obtaining possession of lands sold by Sheriff's sale, and purchased by the said The Peoples' Trust, Savings and Deposit Company of Lancaster, Pa., which lands were sold as the lands of your petitioner, as defendant, and are described in said transcript.   That according to the said transcript the following was the verdict of the jury and alderman in said case:

"'And the said jury do assess the sum of $315.00 for the damages of the said Peoples' Trust, Savings and Deposit Company occasioned by the unjust detention of the premises, from the date of the Sheriff's Deed April 28th, 1900.

"'Therefore it is considered and adjudged by me the said

18 PEOPLES' TRUST, ETC., CO. *v.* EHRHART, Appellant.

Statement of Facts—Opinion of the Court.     [34 Pa. Superior Ct.

Alderman that the said Peoples' Trust, Savings and Deposit Company shall recover and have of the said Hyman Ehrhart, as well the sum of $315.00 for their damages aforesaid, as $26.40 for their reasonable costs, by them in and about their suit in this behalf expended.

" 'In Witness whereof, I, the said Alderman, to this my record, have set my hand and official seal this 22d day of August, 1900.

" 'August 22d, 1900, Warrant of Restitution issued to the Sheriff to forthwith deliver possession of premises The Peoples' Trust, Savings and Deposit Company.

" 'August 23d, 1900, Writ returned by Sheriff.  Possession given to Plaintiff.'

" That the said transcript of said proceedings has been entered as a judgment in the Court of Common Pleas to No. 150, November Term, 1905, and attachment issued thereon to No. 43, December Term, 1905, by the said plaintiff, against your petitioner, the defendant named therein."

The court granted a rule to show cause which it subsequently discharged.

*Error assigned* was the order of the court.

*B. F. Davis*, for appellant.—The rule should have been made absolute: Amos v. Stiles, 1 W. N. C. 414; Bodkin v. McDonald, 2 W. N. C. 478; Kern v. Coyle, 12 Phila. 227; Heermans v. Griffin, 3 Luz. L. Reg. 223; Moyer v. Kirby, 14 S. & R. 162; Chestnut Hill Turnpike Co. v. Martin, 12 Pa. 361; Beltzhoover Borough v. Gollings, 101 Pa. 293; Bannan v. Rathbone, 3 Grant, 259; Smith v. Wehrly, 157 Pa. 407; Franklin v. Rush, 1 Phila. 571; Carter v. Wallace, 9 Phila. 221; Sheaffer v. Wilson, 1 Chester County Rep. 161; Sweeting v. Wanamaker, 4 Pa. Dist. Rep. 246; Kelly v. Creen, 53 Pa. 302.

*William H. Keller*, with him *John A. Coyle*, for appellee.

OPINION BY RICE, P. J., May 12, 1907:

The first question to be considered is, whether a judgment in a proceeding before a justice of the peace or alderman and a sheriff's jury, under the act of June 16, 1836, P. L. 755, to obtain

possession of premises by a purchaser at sheriff's sale, is within the meaning of the statutes authorizing transcripts of judgments of justices of the peace to be filed in the office of the prothonotary, and providing that such judgments shall thereafter have all the force and effect of judgments originally obtained in the court of common pleas. We need not take up time in discussing the tenth section of the act of March 20, 1810, 5 Sm. L. 161, because it is conceded, properly we think, by the learned counsel for the appellant that a transcript of the judgment of a justice of the peace in such proceeding could not be filed in the prothonotary's office under that act. But they contend that the Act of June 24, 1885, P. L. 160 has changed the law; that this statute is general in character and applies to all judgments obtained before a justice of the peace, alderman or any lesser magistrate. The act is in these words : " That in all cases, where a judgment has been obtained before a justice of the peace, city recorder, magistrate or alderman of this commonwealth, and no appeal or certiorari has been taken to said judgment, and a transcript of said judgment has been filed in the office of the prothonotary of the county, where said judgment is obtained, such judgments shall thereafter be and have all the force and effect of a judgment originally obtained in the court of common pleas of said county. Provided, that before any execution shall be issued in the court of common pleas on such transcript, the city recorder, magistrate, justice of the peace or alderman before whom such judgment shall have been obtained, shall first certify that an execution has been issued on said judgment, and the constable, to whom the same was directed, has made return that no goods could be found sufficient to satisfy said demand."

Prior to this act there was a conflict of opinion in the courts of common pleas, as shown by the cases referred to by Justice DEAN in Smith v. Wehrly, 157 Pa. 407, as to the effect of filing a transcript under the act of 1810. Some courts, following what seemed to be indicated by Justice RODGERS in Hitchcock v. Long, 2 W. & S. 169, held that the transcript when filed became, so far as concerned execution, a judgment of the common pleas and the levy was not restricted to real estate, whilst other courts held differently. Justice DEAN, speaking of this condition of the law, said: " Such was the unsettled

state of the law when the act of 1885 was passed, and it was obviously framed to end all doubt raised by the contradictory decisions under the act of 1810.   While a much broader meaning can be given its words, as was done in the court below, we are not bound to give them such meaning, unless that was their obvious intent.   We do not think it was.   The act of 1810 says, the transcript from the time of filing ' shall bind the real estate of defendant; ' the act of 1885 says, the transcript shall, after filing, ' have all the force and effect of a judgment originally obtained in the court of common pleas of said county.' That is, whereas, by the act of 1810, it was a subject of doubt whether execution could be had on other than real estate, it is now enacted that execution may be levied on both personalty and realty, as if the judgment were a judgment of the common pleas.".

Having regard to the old law and the mischief to be remedied, it would require no straining of the doctrine of this decision to hold that it was not the intention of the legislature to extend the right to file transcripts in the court of common pleas to cases where it did not exist before ; in other words, that the right to file the transcript is given and controlled by the act of 1810 and the effect to be given to the transcript, when legally filed, is enlarged by the act of 1885.   The words of the latter act are entirely consistent with that view.   But, confining our decision to the precise question before us, there are other reasons besides those suggested in the case last cited for holding that the act does not apply to a judgment in a proceeding under the act of 1836.   It would be absurd to speak of a judgment of a justice of the peace entered by transcript in the prothonotary's office, having " all the force and effect " of a judgment of the common pleas, if no execution could issue upon it out of the common pleas.   Whatever else may have been intended by the legislature in the enactment of 1885, we may safely assume, without argument, that the legislature did not intend that any judgment of a justice of the peace thus entered in the common pleas should be in that anomalous condition.   It is important, therefore, to notice the nature of the judgment in a proceeding under the act of 1836 and the statutory remedy for enforcing it.   The 111th section provides that in case the jury summoned before

the justices (now a single justice) shall find for the petitioner, the jury shall assess such damages as they shall think right against the defendant or person in possession for the unjust detention of the premises, and thereupon the said justices shall enter judgment for the damages assessed and reasonable costs, " and such judgment shall be final and conclusive to the parties ; " and by the 112th section it is provided that the said justices shall thereupon issue their warrant directed to the sheriff, commanding him forthwith to deliver to the petitioner, his heirs or assigns, full possession of such lands or tenements and to levy the costs taxed by the said justices, and the damages assessed by the jury as aforesaid. The act does not authorize the issuing of a fi. fa. to a constable as in the ordinary case of a money judgment, but the special remedy provided by the act is to be strictly pursued. See opinion of Judge THAYER in Bodkin v. McDonald, 11 Phila. 342, and opinion of Judge SHARSWOOD in Gault v. McKinney, 2 Phila. 71. The act of 1885 does not purport to change the law in that particular ; that is to say, it does not authorize the issuing of an execution to a constable where it was not authorized before, but leaves the special remedy provided by the act of 1836 undisturbed. It was evidently passed with reference to cases where, by the established mode of procedure, executions were issued to constables and the conditions prescribed by the proviso can. be complied with. In such cases the filing of the transcript is to give the judgment all the force and effect of a judgment of the common pleas, including the right to issue execution upon it upon compliance with those conditions. But, as we have seen, those conditions cannot be complied with where the judgment is a proceeding under the act of 1836. It is a maxim that later statutes, which do not abrogate settled practice or repeal former statutes, are to be expounded as near to the use and reason of the prior law as can be without violation of their intent: Smith v. Wehrly, supra. The act of 1885 should be construed, if possible, so as to be in harmony with the act of 1836. Reading it as a whole, having regard to the object which it was evidently intended to attain, and having regard also to the prior statute in pari materia, we are led to the conclusion that it was not intended by the legislature that it should apply to a judgment in a proceeding under the act of 1836.

We come then to the Act of May 9, 1889, P. L. 176, which provides, " that where a judgment has been obtained before a justice of the peace of this commonwealth, to the amount of $100 and upwards it shall and may be lawful for the plaintiff in such judgment, upon filing a transcript thereof in the court of common pleas of the county in which the judgment was obtained, to have execution thereof in said court, without first having an execution issued by the justice and a return of nulla bona by the constable." The purpose of this act, as indicated by its title as well as by its words, was to enlarge the right to issue execution out of the common pleas in judgments for $100 and upwards, not to enlarge the right to file transcripts of judgments of justices of the peace. It is not supposable that the legislature intended by this act to abrogate or modify the provision of the act of 1836, where the amount of damages assessed by the sheriff's jury exceeds $100, and enable the plaintiff, forthwith, without having a warrant issued by the justice of the peace as prescribed by that act, to file a transcript of the judgment in the common pleas and issue thereupon an ordinary fi. fa. or an attachment execution.

Upon deliberate consideration of the question from every standpoint, we are of opinion that the rule to strike off the judgment and dissolve the attachment should have been made absolute.

The order is reversed and the rule to show cause, referred to in the foregoing opinion, is made absolute, the costs of the appeal to be paid by the appellee.