# People's Trust Company, Appellant, *v.* Ehrhart.

*Justice of the peace—Judgment—Proceedings to obtain possession—Scire facias.*

1. A justice of the peace has power to issue a scire facias upon a judgment for damages and costs which was rendered by him, or his predecessor in office, in a proceeding instituted by a purchaser at sheriff's sale to obtain possession of the premises.

2. The acts authorizing transcripts of judgments of justices of the peace to be filed in office of the prothonotary, and providing that such judgments thereafter shall have all the force and effect of judgments originally obtained in the court of common pleas, do not comprehend by their terms or intent judgments entered by justices of the peace in possessory proceedings.

Argued Nov. 14, 1912. Appeal, No. 71, Oct. T., 1912, by plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1907, No. 35, on verdict for defendant in case of The People's Trust Company v. Hyman Ehrhart. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Appeal from judgment of a justice of the peace. Before HASSLER, J.

From the record it appeared that the defendant's real estate was, on January 15, 1900, levied upon by the sheriff of Lancaster county, and sold on April 21,

1900, to the plaintiff, and a sheriff's deed for the same regularly acknowledged and delivered. The defendant refused to deliver up possession of the real estate so purchased and accordingly the plaintiff, on August 17, 1900, brought proceedings to dispossess the defendant under the Act of June 16, 1836, P. L. 755, and its supplements, before Jacob Halbach, Esq., alderman of the second ward, Lancaster city.

A jury was summoned in accordance with that act, and a hearing had on August 22, 1900, at which the plaintiff was found to be entitled to the possession of the real estate and judgment was at the same time entered in favor of the plaintiff for $315 and costs, being the amount assessed by the jury as damages for the unjust detention of the premises from the delivery of the sheriff's deed, April 28, 1900, to the date of hearing.

A warrant of restitution was issued to the sheriff, who delivered possession of the premises to the plaintiff, but, found nothing to levy upon in satisfaction of the judgment for damages for unjust detention, and the judgment was never paid or satisfied.

On June 6, 1907, the plaintiff had a writ of scire facias issued by the alderman of the second ward, to revive the judgment, preparatory to enforcing collection of the same, and judgment was entered in favor of the plaintiff on the scire facias for $477.05.

The defendant appealed to the court of common pleas. The plaintiff moved to strike off the appeal, which was refused by the court.

At the trial of the case, the court below refused binding instructions in favor of the plaintiff, and directed a verdict in favor of the defendant on the ground that the alderman had no jurisdiction to issue a writ of scire facias in a case of this kind.

The court subsequently refused to enter judgment on the whole record non obstante veredicto in favor of the plaintiff, under the Act of April 22, 1905, P. L. 286, and this appeal was then taken.

*Errors assigned* were (1) refusing to strike off appeal; (2, 3) in giving binding instructions for defendant and (4) in refusing plaintiff's motion for judgment n. o. v.

*William H. Keller*, with him *John A. Coyle*, for appellant.—The purpose of suing out the writ of scire facias is to give the defendant an opportunity of showing payment. That is its only purpose, and is the only defense which can be presented to the judgment: Dowling v. McGregor, 91 Pa. 410; Campbell's App., 118 Pa. 128; Trader v. Lawrence, 182 Pa. 233; Supplee v. Halfmann, 161 Pa. 33; Schmidt v. Zeigler, 30 Pa. Superior Ct. 104.

*B. F. Davis*, for appellee.

OPINION BY RICE, P. J., April 21, 1913:

The principal question involved in this appeal is, whether a justice of the peace has power to issue a scire facias upon a judgment for damages and costs, which was rendered by him or his predecessor in office in a proceeding, instituted by a purchaser at sheriff's sale to obtain possession of the premises. No mention of a justice's power to issue a scire facias, except against special bail, is made in the act of March 20, 1810, 5 Sm. Laws 161, and it was contended in Berryhill v. Wells, 5 Binney, 56, that it existed in no other case. But the court held it to be appurtenant to the power of issuing an execution, and included in it, though not expressly mentioned. The principle is impliedly recognized in the Act of May 5, 1854, P. L. 581, which provides that no execution shall be issued on a judgment rendered before a justice of the peace or alderman, after five years from the rendition of such judgment, unless the same shall have been revived by scire facias or amicable confession. It is not pretended that the scire facias in the present case was unnecessary, and therefore unwarranted, because of anything in the nature of the judgment in question which relieved it from the inhibition of the statute. What is claimed is, that the power of a jus-

tice of the peace to issue a scire facias is confined to judgments upon which they have power to issue execution, and that this is not such a judgment. We cannot assent to the latter branch of this proposition. Section 111 of the Act of June 16, 1836, P. L. 755, expressly authorizes a personal judgment to be entered by the justice of the peace against the defendant for the damages assessed by the jury, and reasonable costs, and declares that "such judgment shall be final and conclusive to the parties;" and by sec. 112 it is provided that the process to enforce the judgment shall be a warrant directed to the sheriff, commanding him to deliver possession of the land, "and to levy the costs taxed by the said justice and the damages assessed by the jury." What is this but an execution—that is, a writ which directs and authorizes the officer to carry into effect a final judgment or decree? True, the act does not authorize the issuing of an execution to a constable as in the ordinary case of a money judgment, but the process issued to the sheriff is nevertheless an execution in its essential nature as well as within the true intent and meaning of the act of 1854. If at the time the sheriff delivers possession of the land under the writ he is unable to find goods sufficient to satisfy the damages and costs, the personal judgment therefor is not thereby satisfied or extinguished but remains a valid and legal judgment of which the plaintiff is entitled to have satisfaction from the defendant by appropriate process. We find nothing in the act of 1836 which forbids a second writ to be issued to the sheriff as in the ordinary case of failure to obtain full satisfaction upon the first execution issued. It results from the foregoing that there was error in giving binding direction for the defendant upon the ground that no execution could issue upon the judgment and therefore no scire facias could be issued.

Another reason suggested for denying the plaintiff's right to judgment upon defendant's appeal to the common pleas from the judgment of revival entered by the justice of the peace upon the scire facias is, that incident to such judgment would be the right to issue an execution out of

that court, and that it was expressly decided when this case was here before (34 Pa. Superior Ct. 16) that this could not be done. This involves an entire misapprehension of that decision. What was decided was, that the acts authorizing transcripts of judgments of justices of the peace to be filed in the office of the prothonotary, and providing that such judgments thereafter shall have all the force and effect of judgments originally obtained in the court of common pleas, do not comprehend by their terms or intent judgments entered by justices of the peace in possessory proceedings, such as that involved in this case. That decision was based on a construction of those acts and involves no principle which is applicable to the questions raised in this case. The learned judge below in a well-considered opinion held that the defendant in the present case had a right to appeal from the judgment of the justice in the scire facias proceeding, and in that conclusion we concur: Guilky v. Gillingham, 3 S. & R. 93. But that necessarily involves the further conclusion that if the justice of the peace had jurisdiction to issue the scire facias and to enter judgment thereon in the plaintiff's favor, the court of common pleas on the defendant's appeal therefrom, has jurisdiction to enter a judgment in the plaintiff's favor, if the facts and the law warrant it, and to issue appropriate process for the collection of that judgment. If this were not so then it would be in the power of the defendant to defeat the plaintiff absolutely by appealing.

The purpose of the scire facias in such a case as this is to give the defendant an opportunity of showing payment. The merits of the original judgment cannot be inquired into. In view of these well-settled principles the plaintiff was entitled to a binding direction in its favor, as no evidence was produced showing that the judgment had been paid wholly or in part, and no reason was shown why it should not be revived or why the plaintiff upon such revival should not have the right to issue process for its collection.

The first assignment of error is overruled; the second, third and fourth are sustained.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the plaintiff non obstante veredicto as provided in the act of April 22, 1905, P. L. 286.