# People's Trust Company *v.* Ehrhart, Appellant.

*Justice of the peace—Possessory proceedings—Fieri facias—Judgment.*

1. An appeal lies to the common pleas from the judgment of a justice of the peace entered on a scire facias sur judgment for damages and costs rendered by the justice in a proceeding instituted by a purchaser at sheriff's sale to obtain possession of the premises sold. Where the defendant takes such an appeal the common pleas has jurisdiction to enter a judgment in the plaintiff's favor, if the facts and the law warrant it, and to issue a fieri facias to collect the judgment.

*Res adjudicata—Bankruptcy as defense—Rule to set aside fieri facias.*

2. On a rule to set aside a writ of fieri facias, the defendant cannot allege that he was discharged as a bankrupt prior to the date when the judgment was entered. Such a defense was available only at the trial.

3. A judgment will be conclusive not only as to matters actually litigated and decided, but as to every ground of recovery and defense that might have been presented and decided.

*Statutes—Repeal—Judgment—Acts of June 16, 1836, P. L. 755, and April 20, 1905, P. L. 239.*

4. There is nothing in the Act of April 20, 1905, P. L. 339, to indicate that the legislature intended to strike down a judgment entered by a justice of the peace under the Act of June 16, 1836, P. L. 755, five years before the passage of the act of 1905.

Argued Nov. 12, 1913.   Appeal, No. 129, Oct. T., 1913, by defendant, from order of C. P. Lancaster Co.,

Aug. T., 1913, No. 14, refusing to set aside writ of fieri facias in case of The People's Trust Company v. Hyman Ehrhart. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition to strike off writ of fieri facias. See also People's Trust Co. v. Ehrhart, 53 Pa. Superior Ct. 319.

The petition was as follows:

That the People's Trust Company, of Lancaster, Pa., is the plaintiff and your petitioner is the defendant in an execution issued out of said court upon a judgment entered therein to the number and term above set forth. The said judgment was issued under proceedings in accordance with the Act of June 16, 1836, P. L. 755, to obtain possession of premises by a purchaser at sheriff's sale, under sec. 111 of said act of assembly, which provides that in case the jury summoned before the justices (now a single justice) shall find for the petitioner, the jury shall assess such damages as they shall think right against the defendant or person in possession, for the unjust detention of the premises, thereupon the said justices shall enter judgment for the damages assessed and reasonable costs "and such judgment shall be final and conclusive to the parties" and the sheriff's jury awarded damages in the sum of $315, and $26.40 for their reasonable costs. Section 112 of said act of 1836 provided that the justices shall thereupon issue their warrant directed to the sheriff commanding him to forthwith deliver to the petitioner, his heirs or assigns, full possession of such lands or tenements, and to levy the costs taxed by the said justices and the damages assessed by the jury aforesaid. In the language of President Judge RICE of the Superior Court, People's Trust Savings and Deposit Co. v. Ehrhart, 34 Pa. Superior Ct. 16, "The act does not authorize the issuing of a fi. fa. to a constable, as in the ordinary case of a money judgment, but the special remedy provided by the act is to be strictly pursued. See opinion

of Judge THAYER in Bodkin v. McDonald, 11 Phila.
342, and opinion of Judge SHARSWOOD in Gault v. Mc-
Kinney, 2 Phila. 71."

The Act of March 21, 1806, sec. 13, 4 Sm. Laws, 326,
1 Stuart's Purd. (13th ed.), sec. 271, pl. 5, sets forth:

"In all cases where a remedy is provided or duty
enjoined or anything directed to be done by any act of
assembly of this said commonwealth, the directions of
said act shall be strictly pursued, and no penalty shall
be inflicted or anything done agreeably to the provisions
of the common law in such cases further than shall be
necessary for carrying such act or acts into effect.

"Your petitioner, therefore, prays the court to stay
and set aside the above execution on said fi. fa. for the
following, inter alia, reasons:

"1. The judgment upon which it is based is not such a
judgment upon which a fi. fa. could be issued to satisfy
the same.

"2. The judgment in the said suit is based upon a
judgment obtained before Jacob Halbach, Esq., alder-
man, on August 22, 1900, in proceedings instituted to
recover possession of premises sold at sheriff's sale by the
purchaser thereof, it being alleged that the defendant
retained the possession thereof after notice to quit the
premises, that a transcript of said judgment was orig-
inally entered in the court of common pleas of Lan-
caster county to No. 150, November Term, 1905, and
attachment execution issued thereon out of said court
to No. 43, December Term, 1905, and that the said
proceedings in the court below were sustained in the
court below; and the Superior Court, afterwards, in a
decision filed May 12, 1907, reversed the court below,
and held that no execution or judgment could be entered
in the court on a transcript thereof (see 34 Pa. Superior
Ct. 19, People's Trust Co. v. Ehrhart); that afterwards,
to wit, on June 13, 1907, judgment was entered before
Charles F. Stauffer, Esq., an alderman and successor in
office to said Jacob Halbach, Esq., in a scire facias

issued upon the said proceedings in the sum of $477.05, and that said judgment on the said appeal, and judgment has been entered in the sum of $645, to August Term, 1907, No. 30, upon this fi. fa. in suit, with interest thereon from May 7, 1913, together with costs of suit. That a fi. fa. was issued out of said court on June 2, 1913, and petitioner's goods and chattels have been levied upon thereunder. The said execution is invalid and illegal in this: No fi. fa. can be issued upon such a judgment before the alderman, and, therefore, none can be issued in the court of common pleas; that the same is governed by the statutory proceedings, and, under the act of 1806, no other remedy can be pursued than that provided for by the statute, which does not prescribe any remedy by fi. fa.

"3. The execution in this case must be based upon the original judgment, and the Superior Court of Pennsylvania in 34 Pa. Superior Ct. 19, held that the identical original judgment in suit was not such a judgment upon which a fi. fa. could be issued, and the same does not have the force and effect of a judgment of a court of common pleas.

"4. The judgment having been obtained upon a revival by scire facias in said proceedings, there could be no defense but payment, and the judgment upon the scire facias stands in no higher position than the original judgment. The scire facias being but a continuation of the original action and the execution thereon is an execution on the former or original judgment before the alderman or sheriff's jury, and, as no execution could be issued upon that, none could be issued upon the scire facias.

"5. Under the law of Pennsylvania as announced by the Supreme Court 'the judgment on the scire facias is not . . . . a new judgment giving vitality only from that time, but it is the revival of the original judgment, giving or rather continuing the vitality of the original judgment with all its incidents from the time of its rendition. . . . If we pay any regard to precedent,

the execution, ought always to be issued on the original judgment, and not, as is sometimes ignorantly done, on the judgment on the scire facias; an irregularity which ought never to have been tolerated by the courts.' The judgment on the scire facias cannot rise higher than its source,—the judgment before the alderman on the verdict of the sheriff's jury.

"6. It is not such a judgment upon which an execution could be issued before the alderman or out of the court upon a transcript of revival thereof, as an execution cannot be issued out of an alderman's office upon a judgment for a sum exceeding in amount $300, nor can that amount be extended by an appeal in court where the amount of the original judgment, as in this case, exceeds $300, to wit, $115.

"7. Your petitioner was discharged as a bankrupt in bankruptcy proceedings, No. 634 in the United States district court of Philadelphia on December 14, 1901. The said proceedings in bankruptcy were instituted on June 23, 1900, and petitioner's discharge thereunder is a bar to the collection of the debt in this case, as the petitioner's counsel at that time, who was also president of the said bank, A. J. Eberly, Esq., now deceased, had notice thereof."

*Error assigned* was order refusing to strike off fieri facias.

*B. F. Davis*, for appellant.

*William H. Keller*, with him *John A. Coyle* for appellee.

OPINION BY RICE, P. J., February 20, 1914:

This is an appeal by the defendant from the refusal of the court to set aside a fieri facias issued upon the judgment entered by the common pleas pursuant to the order made by this court on his former appeal: People's Trust Co. v. Ehrhart, 53 Pa. Superior Ct. 319. The question as to the appropriate process to be issued

on the judgment in the common pleas was not directly involved in that appeal, but it was legitimately brought under consideration by the argument of counsel for the appellee there, the appellant here, and was thus disposed of: "Another reason suggested for denying the plaintiff's right to judgment upon defendant's appeal to the common pleas from the judgment of revival entered by the justice of the peace upon the scire facias is, that incident to such judgment would be the right to issue an execution out of that court, and that it was expressly decided when this case was here before (34 Pa. Superior Ct. 16) that this could not be done. This involves an entire misapprehension of that decision. What was decided was, that the acts authorizing transcripts of judgments of justices of the peace to be filed in the office of the prothonotary, and providing that such judgments thereafter shall have all the force and effect of judgments originally obtained in the court of common pleas, do not comprehend by their terms or intent judgments entered by justices of the peace in possessory proceedings, such as that involved in this case. That decision was based on a construction of those acts and involves no principle which is applicable to the questions raised in this case. The learned judge below in a well-considered opinion held that the defendant in the present case had a right to appeal from the judgment of the justice in the scire facias proceeding, and in that conclusion we concur: Guilky v. Gillingham, 3 S. & R. 93. But that necessarily involves the further conclusion that if the justice of the peace had jurisdiction to issue the scire facias and to enter judgment thereon in the plaintiff's favor, the court of common pleas on the defendant's appeal therefrom, has jurisdiction to enter a judgment in the plaintiff's favor, if the facts and the law warrant it, and to issue appropriate process for the collection of that judgment. If this were not so then it would be in the power of the defendant to defeat the plaintiff absolutely by appealing." After full reconsideration of

the question, we adhere to the conclusion that the court of common pleas had jurisdiction to enter judgment in the plaintiff's favor and to issue appropriate process for the collection of that judgment.  We add that a fieri facias issued to the sheriff is appropriate process.

As to the allegation of the defendant's petition that he was discharged as a bankrupt on December 14, 1901, under proceedings instituted on June 23, 1900, it is sufficient to say that this furnishes no ground for setting aside the fi. fa.  This alleged defense has not arisen since the judgment in the common pleas, but, if available at all, was so on the trial.  The defendant, not having presented it then, is concluded by the judgment, according to the general rule, that a judgment will be conclusive not only as to matters actually litigated and decided, but as to every ground of recovery and defense that might have been presented and decided: Long v. Lebanon Nat. Bank, 211 Pa. 165.

With regard to the argument that is based on the repeal of secs. 105 to 118, inclusive, of the Act of June 16, 1836, P. L. 755, 780, by the Act of April 20, 1905, P. L. 239, very little need be said.  The original judgment was entered by the justice of the peace five years before the passage of the act of 1905, and there is nothing in that act to indicate that the legislature intended the unjust thing of striking down valid judgments previously entered under the act of 1836.  True, the scire facias issued and the appeal was taken to the common pleas from the justice's judgment thereon after the passage of the act of 1905, but not in contravention of any of its provisions or by virtue of the repealed sections of the act of 1836.  As pointed out in our former opinion, the jurisdiction of the justice to issue the scire facias, and the jurisdiction of the common pleas to entertain and decide the appeal from his judgment thereon, rests on other grounds, and these were not affected by the act of 1905.

The order is affirmed at the costs of the appellant.