The opinion of the court was delivered by
Rogers, J.
The practice of Pennsylvania is too well settled to be now shaken, that a judgment may be entered, or execution issued, after the death of the defendant, and that the execution has relation to the first day of the preceding term. This legal fiction works no injustice between the parties themselves, or their legal representatives, and may be justified by the consideration that the practice facilitates the collection of debts, certainly due, from an estate, acknowledged to be solvent. If We were now, for the first time, to consider whether legal relations and legal fictions should be introduced, it would perhaps be wise to inquire into, and sift most minutely the foundations on which they were supported. This, however, is not a case where rights of the parties only are. involved, but it concerns creditors, and’the responsibility of administrators. It is the case of an insolvency, and an attempt, by means of a legal fiction, to deprive other creditors of a vested right. Justice, in such a case, would seem to require, that, upon an application to the court, an execution issued under such circumstances should be set aside, andthe plaintiff put to his scire facias, which would afford the administrator an opportunity of taking de fence to the action. Fictions were not intended to do injustice, *113 Jior should they be permitted to interfere with the operation of a most beneficial statute. By the 11th section of the act of assembly of 1794, all debts, owing by any person within this state, at his or her decease, shall be paid by the executors or administrators, in a manner therein prescribed. And, to the end that due regard may be had to creditors,,it is provided, that no administrator shall be compelled to make distribution of the goods of any person dying intestate, until one year be fully expired, after the intestate’s death. This act is directory, and imperative upon executors and administrators, and in terms includes all debts owing by the deceased, and, as they ranked, whether by judgment, bond, or simple contract, at the time of the death of the testator, or intestate. The right of the creditor became vested, to be paid in the order pointed out by the act, which the executors or administrators cannot vary, without a devastavit. What, then, is the matter submitted to the court, but an attempt, by means of a legal fiction, which was never in the contemplation of the legislature, to change the rights of creditors, by the mere act of issuing.an execution after the death of the intestate. ' Establish the principle, contended for by the plaintiff in error, and it will be unsafe for an executor to pay the funeral expenses, servants’ wages, the physician’s bill, or indeed the necessary expenses of letters of administration, until the intervention of a term after the death. A creditor, with a warrant of attorney to confess a judgment, would have it in his power to sweep the whole estate, in prejudice of debts of equal or superior degree, contrary, as I believe, to the manifest intent and policy of the act of 1794. A judgment entered more than a year would be postponed to a debt, where there was a warrant of attorney to confess judgment, and that without-the probability, by any legal diligence, of preventing it. One would be compelled to resort to a scire facias, whilst the other would enter his judgment, and issue immediately his execution, which would secure a preference for his debt. It was one among the many humane and benevolent purposes of this act, to prevent this legal scramble for the assets of deceased insolvents. And the more effectually to carry their intention completely into effect, the legislature have given the executor one year, that he may ascei’tain the assets, and make the legal distribution of the estate, in the manner there prescribed. I am the more confirmed in my views of this point, as it is sustained by the authority of the case of Wood and Hopkins, Pennington’s Reports, 689, determined by the Supreme Court of New Jersey, where they have a similar act of assembly.
As my opinion is founded on the operation of the act of 17,94, it would be an affectation of legal research, to examine particularly the English decisions, and point out in what respects they differ from the law of Pennsylvania,
Judgment affirmed.