### Bosler's Administrators *v.* The Exchange Bank.

In suits by or against executors or administrators, when the estate is notoriously insolvent, a debt not due at the time of the death of the testator or intestate, although it became due before the commencement of the suit, cannot be set off.

If the estate of the testator or intestate be solvent, such debt can be set off; and it makes no difference that the debt proposed to be set off was not due at the time of the death of the testator or intestate, if it were due when the suit was commenced.

*At* the death of the testator or intestate, the rights of creditors to the assets become fixed and determined.

Error to the District Court of Alleghany county.

*Sept.* 18.    This was an amicable action in case, wherein the administrators of Henry C. Bosler, the plaintiffs in error, were plaintiffs, and The Exchange Bank of Pittsburgh was defendant.

From the case stated and submitted for the opinion of the court below, the facts appeared to be these :

The plaintiff's intestate, Henry C. Bosler, during his lifetime, kept a deposit account with the defendant, on which, at the period of his death, on the 25th day of December, 1844, there was a balance standing to his credit, amounting to the sum of $421 39.

Previously, however, to his death, on the 21st day of December of the same year, he drew a note at four months, for $400, to the order of William Eichbaum, which was endorsed by Eichbaum, and discounted by the defendant for the benefit and accommodation of the said Bosler, and the money received by him thereon.    The said note at maturity was duly protested for non-payment, and still remained unsatisfied in the possession of defendant.

On the — day of May next, following the maturity of the said note, but at no time previously thereto, the plaintiffs made a formal demand of the balance standing to the credit of their intestate, upon his deposit account aforesaid, a portion of which was permitted from time to time to be withdrawn, and the residue thereof, amounting to the sum of $203 69, withholden on the ground of the indebtedness of the plaintiff's intestate to the said defendant upon the said note.

It was admitted, that the estate of the said Henry C. Bosler is altogether insufficient for the payment of his debts.    The question submitted for the opinion of the court was, whether the defendant was entitled to set off the amount due and owing to them upon the said note, against the claim of the plaintiff for the unpaid residue of the balance standing to the credit of their intestate, upon his deposit account as aforesaid.

His honour, HEPBURN, P. J., gave judgment on the case stated, for the defendant. This was the error assigned.

*Selden* and *Biddle*, for plaintiffs in error.—If the bank are permitted to set off this balance due the estate of the plaintiff's intestate, it will obstruct the settlement of the estate of an insolvent. The death of a party establishes the character of the assets. His administrator becomes a trustee for creditors. The distribution of the assets amongst the creditors cannot be disturbed by any subsequent act or event. If the bank intended to present the note as a set-off, it should have been done promptly. The bank should have refused to honour our drafts or checks.

There cannot be a set-off of a debt due by the intestate in his lifetime, if insolvent. Defendant cannot buy a debt and set it off. 2 Rawle, 123. A debt takes rank at the time of death of decedent. 1 Bin. 221. A debt due by deceased in his lifetime cannot be set off against a debt to the administrator. Willes, 264. A debt falling due after death of the decedent cannot be set off against a debt due before his death. 4 Camp. 342 ; 2 Williams on Executors, 1153. They also cited 8 Eng. Com. Law Rep. 260.

*T. Williams*, for defendant in error.—The doctrine contended for is not equity. Equity would give a set-off here. Cramond and others, executors of Cramond, *v.* The Bank of the United States, 1 Binn. 64, is decisive of this case. Here the debts are mutual, and the right of set-off clear and undoubted.

A party is allowed a *pro rata* set-off. Dorsheimer *v.* Bucher, 7 Serg. & Rawle, 9. To same point is Poorman *v.* Goswiler, 2 Watts, 69 ; Niagara Bank *v.* Rosevelt, 9 Cowen, 409, and 8 Eng. Com. Law Rep. 260.

*Sept.* 21. ROGERS, J.—A set-off is allowed in a suit brought either by or against executors or administrators, and the fact that the debt proposed to be set-off was not due at the time of the death of the testator, or intestate, would make no difference if due when suit was commenced, and the estate be solvent. But is a set-off allowable when the estate is notoriously insolvent? We think not, for the simple reason that it would disturb the course of administration. At the death of the testator or intestate, the executor or administrator is the trustee for the creditors, whose right to the assets at that time becomes fixed and determined. Nothing that the executor or administrator can do can alter the course of distribution. If the estate be solvent, the creditors are entitled to receive their

whole debt; if otherwise, they have a vested right to a *pro rata* dividend.  It is an unanswerable objection to the decision of the court, that what they assert will be that one creditor may receive the whole amount of his debt, whereas other creditors will receive a *pro rata* only, lessened by the sum which he has been permitted to set-off; this we conceive is not in accordance with justice, for equality is equity, nor consistent with authority.  For that the death of the testator or intestate is the true criterion to determine the rights of creditors, is shown in Scott, administrator of Patterson *v.* Ramsey, 1 Binn. 221, where it is ruled, that debts due by a deceased person take rank according to their quality at the time of his death.  Leiper *v.* Levis, 15 Serg. & Rawle, 108, is to the same effect.  A judgment creditor, as is there held, of an insolvent intestate, cannot gain a priority over other judgment creditors, by taking out against him, and levying on his goods, a *fi. fa.*, which relates to a day prior to the intestate's death.  The court acknowledge the right to take out execution after the death of the intestate, and that the same has relation to the first day, but they restrain its operation by holding that this cannot be done so as to make it operate unjustly, by depriving the other creditors of the vested rights which they have in the assets of the deceased; and that this would be the case when the estate was insolvent.  The same point is ruled in Wood *v.* Hopkins, Pennington's Rep. 689.  In Murray *v.* Williamson, 3 Binn. 135, it is admitted that set-off may be made in suits brought by or against executors or administrators, where it does not disturb the due course of administration; from which the inference is, that where it has that effect, a set-off cannot be admitted.  That the death of the intestate fixes the right of the parties, is also recognised in Cramer *v.* The Bank of the United States.  And that it will not be allowed when it alters the course of distribution, is asserted by Mr. Justice Burrough, in Rogerson *v.* Ladbroke, 1 Bing. 93, (8 Com. Law Rep. 263,) who says, that in such a case, Lord Mansfield was much disposed to allow a set-off till he was pressed with a case suggested by him to Mr. Erskine, who was counsel for the plaintiff; who then held, that the set-off could not be allowed, as it would alter the distribution of assets.  Vide, 4 Camp. Rep. 342, Houston *v.* Robertson.

Judgment reversed, and judgment for plaintiff.