## Law, Appellant, *v.* Waldron.

*Insurance—Agent—Compensation of agent—Receivership of company —Contract.*

1. Where an insurance agent is to receive under his contract with his company a contingent sum of money equal to ten per cent of the net profits of the business written in a certain territory, upon computations to be made on January first of each year, and the company goes into the hands of receivers one month before January first of one of the succeeding years, the agent is entitled to ten per cent of the net profits of the current year up to the time of the appointment of the receivers, if such profits are capable of being ascertained.

*Affidavit of defense—Judgment for part of claim—Res adjudicata.*

2. An order making absolute a rule for judgment for certain items as to which the affidavit of defense is deemed insufficient, is not in itself an adjudication that the defendant is entitled to retain the amount for which judgment is not entered. Such action is a mere withholding of judgment as to that part until the merits of the question can be determined at the trial.

Argued Oct. 10, 1913. Appeal, No. 45, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1909, No. 2,653 on verdict for defendant in case of John H. Law and George W. Law, Copartners trading as Law Brothers, Trustees for the Royal Insurance Company, Limited, of Liverpool, England, v. Alfred W. Waldron. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for commissions. Before MAGILL, J.

The facts appear by the opinion of the Superior Court, and by the report of the case of Law v. Waldron, 230 Pa. 458.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in directing a verdict for defendant.

*C. Berkeley Taylor*, for appellant, cited: Louchheim v. Weighing Co., 12 Pa. Superior Ct. 55; People v. Globe Mut. Life Ins. Co., 91 N. Y. 174; Bosler v. Bank, 4 Pa. 32; Law v. Waldron, 230 Pa. 458; Treat v. Life Ins. Co., 199 Pa. 326; Singerly v. Fox, 75 Pa. 112; Spader v. Mfg. Co., 47 N. J. Eq. 18.

*Frank R. Shattuck*, with him *John Reynolds*, for appellee, cited: Pierson v. Krause, 208 Pa. 115; Light v. Leininger, 8 Pa. 403.

OPINION BY HENDERSON, J., February 20, 1914:

The right asserted by the plaintiffs is based on two contracts entered into by the defendant with the German National Insurance Company and the German Insurance Company of Freeport, respectively. The controversy arises out of the provision contained in article two of the contracts relating to the compensation of the defendant who was by the contracts constituted general agent for said companies in the department of eastern Pennsylvania. The particular question for consideration is whether the clause relating to a contingent sum of money equal to ten per cent of the net profits of the business written for the first party in the territory under the management of the second party is enforceable in an action for the balance of premiums, etc., remaining in the hands of the defendant as such agent. The first computation was to be had on January 1, 1905, and annually thereafter, and it was further agreed that "If on calculation of the proceeds of the business in Article Two (2) of this Agreement an actual loss to the said party shall be exhibited, then the amount of such loss shall be deducted from the net profits, if any, of the

next year following and all net losses and balances of losses are to be carried forward to the following year's account, and from year to year, until finally settled. Contingent profits, if any, are payable annually about January first of each year, or as soon thereafter as the books of said company are closed to permit the verification of said contingent profit furnished by the second party." The contracts were dated January 1, 1904, and the defendant continued to act thereunder until November 19, 1906, at which time a receiver of the German Insurance Company of Freeport was appointed by the circuit court of Carroll county, Illinois, and on the next day a receiver of the German National Insurance Company was appointed by the circuit court of Cook county, Illinois. The plaintiffs acquired title by purchase of the assets of these insurance companies. There is no dispute as to the amount of money in the hands of the defendant received in his capacity as general agent nor is there any dispute as to the amount which he may retain if the contingency clause is in force under the facts of the case. The plaintiffs contend they are entitled to all of the fund in the hands of the defendant at the time of the appointment of the receivers. The defendant, having paid over through a former proceeding the amount as to which his affidavit of defense was adjudged insufficient (Law v. Waldron, 230 Pa. 458), claims as his own ten per cent of the profits of the current year up to the time of the appointment of the receivers. The plaintiffs contend that because the contract provides for the adjustment of the profits on January first and the receivership was created more than a month before that date no right to contingent commissions exists.

The contracts were entered into in anticipation of a course of business extending over a period of years, and the provision for annual adjustments of the contingent compensation was made in view of this anticipation. It is true as contended by the appellants that the claim only matures when there has been an ascertainment at

the end of a year of the state of the business and a determination of the amount of the profits for that period. But this has reference to the continuing action of the parties under the contract. As long as that was in operation all parties were bound to its observance according to its terms. It came to pass, however, that the insurance companies went into the hands of receivers and thereby terminated their existence so far as their capacity to continue the business of insurance was concerned. The defendant from that time ceased to be the agent of the company for securing and writing risks and the business of the companies in his territory was brought to a close. He was in nowise responsible for this result. He had performed the duties of his appointment with fidelity and had contributed to the success of the companies. The contingent compensation was a part of the inducement to the defendant to undertake the agency and if after the lapse of nearly eleven months of the last year the companies put it out of his power to continue in their employment or to prove that at the close of a full year the business in his territory showed a definite profit to the companies we see no reason why he is not entitled to compensation under his agreement for the profit arising up to the time when the companies ceased to do business. After that date and the reinsurance of their risks as shown by the evidence the situation of the business in the defendant's territory underwent no change. It was practicable to determine exactly the amount to which he was entitled for the part of the last year during which the business was continued. There was no opportunity that the companies might sustain loss in that territory for the remainder of the year which would affect the right of the defendant to the contingent compensation as they had gone out of business and had transferred their risks to other companies.

We are unable to agree with the contention of the appellee that the decision in Law v. Waldron, supra, is

res judicata as to the claim now in controversy. The effect of that adjudication was that the defendant's affidavit of defense did not establish a prima facie case as to the items of claim for which the judgment was entered. The court was called upon to determine what part of the plaintiffs' claim was not effectively defended against. As to the remainder the prima facies was in favor of the defendant, but there was not thereby an adjudication that the defendant was entitled to retain the amount for which judgment was not entered. There was a mere withholding of judgment as to that part until the merits of the question could be determined at the trial. When the case was called for trial it was made to appear that the defendant's allegations as to the contingent compensation were true and the question became one of law for the determination of the court on the conceded facts. The instruction to the jury was a reaffirmation of the conclusion of the court arrived at on the hearing of the rule for judgment for want of a sufficient affidavit of defense and as the averments of the affidavit were shown at the trial to be true on the question remaining for trial the court adhered to the position formerly taken. This was not because the matter had been conclusively adjudicated but because the opinion of the court remained the same at the trial as on the hearing of the rule for judgment for want of a sufficient affidavit of defense. The determination reached we regard as a correct interpretation of the contract.

The judgment is affirmed.