# Commonwealth, ex rel., *v.* Guardian Fire Insurance Company of Pennsylvania (No. 1).

*Principal and agent — Insurance companies — General agent— Local agents—Compensation—Insolvency of company—Receivers —Set-off.*

Where a contract between an insurance company and its general agents provides that the general agents shall receive as compensation for their services "forty per cent. of the net premiums on the policies written by them for said company, which net premiums shall be the gross premiums as reported, less the premiums and reinsurance effected," and the contract further provides that the general agents shall appoint local agents, and out of their own compensation pay the local agents, and it appears that the local agents had no direct contract with the company, the local agents are agents of the company by virtue of their appointment by the general agent, and are not entitled to any greater rights to compensation than the general agents, whose compensation is limited to net premiums.

Where, in such a case, the company becomes insolvent and goes into the hands of a receiver, and a large number of outstanding policies are forthwith cancelled, the local agents must refund the commissions on unearned premiums thereon; and they cannot set up as a defense that a judgment was recovered by the receiver against the general agents, including the commissions on unearned premiums; nor can such local agents take an assignment of the returned premiums due to the policyholders after the decree appointing the receiver, and set off a dividend on these claims against the commissions on unearned premiums due by them to the company.

A person indebted to an insolvent corporation cannot, after the appointment of a receiver, purchase or acquire from the creditors their claims against the corporation, and endeavor by set-off to evade the full payment of his indebtedness to such corporation.

Argued March 14, 1916. Appeal, No. 6, March T., 1916, by Charles F. Widmyer, Assignee of Widmyer & Prangley, from order of C. P. Dauphin Co., Commonwealth Docket, 1909, No. 23, overruling exceptions to report of auditor in case of Commonwealth, ex rel., M. Hampton Todd, Attorney General, v. Guardian Fire In-

surance Company of Pennsylvania. Before Orlady, P. J., Henderson, Kephart, Trexler and Williams, JJ. Affirmed.

Exceptions to report of Frank B. Wickersham, Esq., and Harry M. Davidson, Esq., auditors.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditors' report.

*John R. Geyer* and *John E. Fox,* with them *John E. Malone,* for appellant.—The contract between the local agent and the general agents was not material and is of no value on this question. The insurance company, now the receiver, was not an attaching creditor. The local agent looked to the general agents for his commission and the company looked to the general agents for the premiums less the general agents' commission. The effect of the present ruling would be to permit the company to recover 40 per cent. of the returned premiums from the general agents and then another 30 per cent. from the local agent, leaving its net liability only 30 per cent., when in fact it should be 60 per cent.: Devereaux v. Ins. Co., 98 N. C. 3; American Steam Boiler Co. v. Anderson, 6 N. Y. Supp. 507; Garfield v. Rutland Ins. Co., 38 Atl. Rep. 235; Reed v. Union Central Life Ins. Co., 61 Pac. Rep. 21; Chicago Life Ins. Co. v. Robertson, 176 S. W. 1010; Hay v. Union Fire Ins. Co., 83 S. E. 241.

*J. E. B. Cunningham,* with him *Blakely & Calvert,* for appellee.—The case of Milwaukee Mechanics Insurance Company v. Warren & Lanktree, et al., 150 Cal. 346, is directly in point.

This case was followed by the District Court of Appeals, 1 Dist. Cal., in the case of National Union Fire Insurance Company v. Nason, 131 Pac. Rep. 755.

The general agents had power to fix the percentage of the commissions to be retained by the subagents, but the company bound itself to pay commissions only on net premiums, and the subagents could have no greater claim upon the company than had the general agents: United States Life Ins. Co. v. Hessburg, 27 Ohio 393; Devereaux v. Ins. Co., 98 N. C. 6.

OPINION BY KEPHART, J., July 18, 1916:

The contract between the Guardian Fire Insurance Company and Dickson and Tweedale, general agents, provided "that the said general agents shall receive as compensation for all their services under the contract forty (40%) per cent. of the net premiums on policies written by them for said company, which net premiums shall be the gross premiums as reported, less the premiums and reinsurance effected." The company was insolvent when the receiver was appointed and a large number of outstanding policies were forthwith cancelled: Dean & Son's App., 98 Pa. 101; Law v. Waldron, 230 Pa. 458; Law v. Waldron, 55 Pa. Superior Ct. 639. There were certain amounts of unearned or returned premiums due to the policyholders from these cancelled policies. The general agents of the company had received their commission on these unearned premiums, and by agreement with the general agents thirty per cent. of these unearned premiums had been paid to the appellant, as a local agent.

The questions presented by this appeal are: (1) Whether the commissions received by a general or local agent on unearned premiums should be refunded or accounted for to the company, and (2) Whether the legal relation which this local agent held to the insurance company was such that he could be compelled to pay to the insurance company the commissions on the unearned premiums.

If there be any doubt as to the custom of all agents to return to the company their commissions on unearned

premiums, as affecting the general agents, we rest our conclusion on the contract between the general agents and the insurance company.  It there specifically provided that their compensation was based upon net premiums, which were defined to be gross premiums as reported, less return premiums.  This contemplated the cancellation of policies either by the insured, by the act of the company, or through legal proceedings such as receivership:  Milwaukee Mechanics' Insurance Co. v. Warren & Lanktree, et al., 150 Cal. 346.

The local agents had no written contract with the company; they were appointed under a provision in the general agents' contract, as follows: "They (the general agents) shall have power to appoint and remove subordinate and local agents for the business of the company throughout the territory, and shall use their best judgment in making such appointments......Out of said commission or compensation, so allowed to said general agents, (40%) they shall pay......all commissions to agents and brokers."  It is contended that the agents thus appointed were not the agents of the insurance company, but were the agents of Dickson and Tweedale; that there is no usage in Pennsylvania, which established the practice of refunding commissions on unearned premiums, and that the company could not enforce against this local agent any equity or right which it had against its general agents.  This matter came before the court below in the audit of the accounts of the receiver, when, a claim was made by the local agent for return premiums on cancelled policies assigned to him after the receiver was appointed.  The court below found that the local agents were not entitled to any greater rights to compensation than had Dickson and Tweedale, whose commission by contract was limited to net premiums. Citing United States Life Insurance Company v. Hessburg, 27 Ohio 393.

We think the facts of this case are sufficiently developed to say that the local agents are bound by their ap-

pointment, duties and conduct with respect to their dealings with the insurance company.

The general agents had power to employ local agents to transact the business of the company. These agents were the agents of the company. They dealt directly with the policyholder. They had power to bind the company. Dickson and Tweedale had the power of appointment. It is true that their compensation was to be worked out originally through the general agents' contract, but it is likewise true that in fact it was worked out through the company directly and these local agents regarded themselves as being bound to that extent by the general agents' contract. The local agent submitted monthly reports to the insurance company, detailing all business done by him, and in that report he deducted from the amount due to him the commission on the returned or unearned premiums of policies of insurance that had been cancelled and settled by him. A list of these cancelled policies, with checks for the amounts due the company, were attached. He cannot now disavow these acts and say that he can only be dealt with through the general agents. It does not alter the conditions, in so far as this local agent is concerned, that a judgment was recovered by the receiver against the general agents, which judgment was intended to include the commission on unearned premiums. Any amount distributed to the receiver as part liquidation of the claim against a local agent, for commissions on unearned premiums, would be credited to the judgment against the general agents, in so far as such commissions were included therein; nor could the general agents have any claim against the local agent for the commission here adjudicated. All the parties interested were before the auditors and the disposition of the matter is in such shape that no injustice can be done by charging to the local agent the commissions on the unearned premiums.

The local agent took an assignment of the returned premiums due to a large number of policyholders after

208 COM., ex rel., *v.* GUARDIAN F. INS. CO. OF PA. (No. 1).

Opinion of the Court. [65 Pa. Superior Ct.

the decree appointing the receiver. The auditor set off the dividend on these claims for returned or unearned premiums against commissions on unearned premiums due to the company. As stated above, when the decree of dissolution was entered it *ipso facto* worked a cancellation of the policy. The right to the return of unearned premiums immediately existed. When the local agent a few days later took an assignment of these returned premiums, it took the assignment subject to the rules of law controlling persons who purchase accounts against insolvent companies and who at the same time are indebted to the insolvent company. A preference cannot thereby be acquired. The rights of the receiver became fixed at the time of his appointment and at the same time the rights of creditors in insolvent concerns attached. Parties must stand or fall by the condition of things in existence at the time of the appointment of a receiver. A person indebted to an insolvent corporation cannot, after the appointment of a receiver, purchase or acquire from the creditors their claims against the corporation, and endeavor, by set-off, to evade the full payment of his indebtedness to such corporation. Every creditor was entitled to his pro rata share of the debt due from the appellant on account of commissions on unearned premiums: High on Receivers, 4th Ed.; Bosler v. Exchange Bank, 4 Pa. 32; Singerly v. Fox, 75 Pa. 112; Section 81, Smith on Receivers.

The assignments of error are overruled and the decree of the court below is affirmed.