## Kochersperger, Exec'x, v. The Farmers' Bank of Mifflinburg.

*Nauman & Smith* and *Miller A. Johnson*, for plaintiff.
*Cummings & Gubin* and *Cloyd Steininger*, for defendant.

POTTER, P. J., October 20, 1930.—A statement of claim was filed, which was replied to by an affidavit of defense raising questions of law.

One of the complaints is that the decedent, William D. Kochersperger, was engaged in business under the style and name of "Keystone Construction Company," was using a fictitious name, and had not registered as is required by the Act of June 28, 1917, P. L. 645, and its supplements.

The proceedings authorized by sections four and twenty of the Practice Act of May 14, 1915, P. L. 483, for the purpose of raising questions of law, and for the hearing and determination thereof by the court, are a substitute for a demurrer and have the same scope. The questions of law so to be determined must be such as could formerly have been raised by a demurrer, and in order to entitle the defendant to a judgment, they must arise upon the plaintiff's averments of fact and not upon facts affirmatively set up by the

defendant as a bar to the action. On the other hand, when the defendant sets up an affirmative defense, based upon facts not previously appearing in the case, but averred by himself, he is using the affidavit as a plea, making an issue for trial by a jury, and must establish the facts which he so avers by proof before he can ask for final judgment in his favor based upon them: Mollenauer et al. v. Washington County, 28 Dist. R. 199. Obedience to the law is always presumed until the contrary appears in the proofs upon the trial. If the plaintiff is silent in his statement of claim as to the registration required under the Fictitious Names Acts of June 28, 1917, P. L. 645, and May 10, 1921, P. L. 465, the defendant cannot have the action dismissed by motion, but is entitled to defend upon the ground that no certificate has been filed as required by the statutes, at the trial of the case: Harvey, trading, etc., v. Salisbury Auto Co., 4 D. & C. 320. A speaking demurrer, or one that sets up grounds of demurrer dehors the declaration, is bad, and will not be entertained. A demurrer to a declaration or statement arises on its face and is never founded on matters collateral to the pleading which it opposes: Wright v. Weber, 17 Pa. Superior Ct. 451.

In the statement of claim in the case before us, the only allusion made to a fictitious name is the statement that William D. Kochersperger was doing business under the name of "Keystone Construction Company." Not a word is said as to whether this company is registered or not. Then, how can the defendant, on demurrer, say it was not, thus raising an issue not contained in the statement of claim? Under the cited authorities, as well as in our own judgment, it cannot be done. If this allegation of the defendant is a defense at all, and we think it is not, it should be introduced upon the trial of the case. We do not think it can be raised in this manner.

The Act of June 28, 1917, P. L. 645, was intended to protect persons giving credit in reliance on an assumed or fictitious name, and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern. The act was not intended to produce confiscation of property, nor to relieve debtors from their honest obligations. The language of the amending Act of May 10, 1921, P. L. 465, prohibiting the bringing of suits by nonresidents who have used fictitious names and failed to register, indicates a legislative intent that residents may enforce just claims, although unregistered, if the use of the fictitious name has injured no one: Lamb v. Condon et al., 276 Pa. 544. To the same effect is the case of Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390.

So that, as we before intimated, even if the Keystone Construction Company was not registered, this fact would be no defense to the present action. We simply have the statement made in the affidavit of defense that this concern was not registered. Before we could accept this as a legal fact, proper proof would be necessary, which we do not yet have before us.

On July 28, 1928, William D. Kochersperger, under the name of the Keystone Construction Company, executed and delivered to the defendant his promissory note in the sum of $3000, payable on demand. The interest on this note was paid up to January 28, 1929.

On October 5, 1928, the same person, by name of the same company, executed and delivered to the defendant his promissory note in the sum of $2000, payable on demand. The interest on this note was paid up to January 5, 1929,

On November 13, 1928, the same person, by name of the same company, executed and delivered to the defendant his promissory note in the sum of $10,000, payable on demand. The interest on this note was paid up to January 13, 1929.

On or about December 19, 1928, the defendant received by mail a check drawn on the Treasurer of the United States in the sum of $23,150, payable to the Keystone Construction Company. Subsequent to the receipt of this check the plaintiff alleges that the defendant, by its officers or employees, unlawfully and without any authority for so doing, forged an endorsement on the back of this check by writing thereon "Keystone Construction Company— Wm. D. Kochersperger, Mgr.," and on December 19, 1928, placed the amount of the check, viz., $23,150, as a credit to the account of the Keystone Construction Company.

On or about December 28, 1928, the plaintiff alleges that the defendant had knowledge of the insolvency of William D. Kochersperger, and that, on December 1, 1929, he died, and that on the same day the defendant had knowledge of his death.

On January 2, 1929, the defendant applied from the sum of $23,150, standing in this bank to the credit of the Keystone Construction Company, sums sufficient to pay the notes of $3000, $2000 and $10,000, although no demand had been made for payment, and although the interest on each note had been paid for some days past January 2, 1929.

And this is the real contention. The plaintiff alleges that the defendant could not pay these notes from the funds of Kochersperger, he being dead and insolvent. Of course, this question is not now directly before us, but it can do no harm, and may be productive of some good, if we state our position on this question, backed up by ample authority. We have a very full brief from counsel for the plaintiff, but none from counsel for the defendant, although we have repeatedly asked for it.

Starting out with the case of Bosler's Admin'rs v. Exchange Bank, 4 Pa. 32, we have a flat-footed decision against the defendant. This might be done if the estate was solvent, but not where it is insolvent. If this was permissible, a preference would be created in favor of some creditors over others of the same class. At the death of the decedent the rights of the creditors in his property become fixed, and, so far as their prospects of payment are concerned, cannot be changed. The executor or the administrator becomes a trustee for the creditors.

In the case of Appeal of the Farmers' and Mechanics' Bank, 48 Pa. 57, it is held that in the distribution of the estate of an insolvent debtor a debt due to him at the time of his death cannot be set off against a debt owing by him not then due. And in Com. ex rel. v. Guardian Fire Ins. Co. (No. 1), 65 Pa. Superior Ct. 203, the same doctrine is maintained, although in this case a receiver was appointed for an insolvent company and some creditors were attempting to obtain a preference in the way of payment. See, also, Vosburgh's Estate, 84 Pa. Superior Ct. 10; Blum Bros. v. Girard National Bank, 248 Pa. 148, 156, 157; Kensington National Bank v. Shoemaker, 11 W. N. C. 215.

We are not attempting to decide the question covered by these cases, but we are citing them for the thoughtful consideration of counsel.

Further sums of $275.28 as expense items and $203.53 for checks presented for payment to defendant after the death of the decedent were also taken out of this fund. No doubt, if this case ever comes to trial, full proof and information regarding these items will be made. However, in our judgment, if sufficient information is not given regarding these two items, or any others in the statement, the proper remedy would be to move to strike the statement off or to file a more specific one.

Objection is also made to the statement, in that it does not definitely state whether the cause of action or the contract is written or oral. As we under-

stand the case, the plaintiff is suing to recover back into the estate moneys which she alleges were misappropriated by the defendant. Of course, there can be no written contract about this, and the statement states that the cause of action is assumpsit and is oral in nature. This states whether it is oral or written. The three notes and the check are not the basis of this suit. They do enter into it very substantially as exhibits, but the basis of the suit, as claimed by the plaintiff, is the misappropriation of the decedent's funds, if there was such misappropriation.

And, of course, if the name of the decedent and his company was written or endorsed on the back of the note without any power or authority so to do, this would be an act contrary to the doctrine of the laws we are attempting to uphold.

And, now, to wit, October 20, 1930, the questions of law raised in the affidavit of defense are dismissed and the defendant is given fifteen days from this date in which to file an affidavit of defense to the merits of the case. An exception is noted for the defendant and a bill is sealed.

From A. Francis Gilbert, Middleburg, Pa.