## Gaugler Estate

*Allen R. Keely, John A. Friedrich* and *Bernard J. McNulty, Jr.,* for petitioner.

*Wright, Spencer, Manning* and *Sagendorph and Albert C. Oehrle,* for respondent.

TAXIS, P. J., February 2, 1967.—This petition was filed by Kathrine H. Gaugler, executrix, under provisions of the Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 301(13), 20 PS §2080.301(13), to recover the balance in decedent's checking account at the National Bank of Boyertown, Pa., as of the date of his death. This balance is in the amount of $1,576.18.

There is no substantial factual dispute. On August 13, 1965, decedent delivered to the bank a judgment note in the amount of $8,000, bearing his signature and what purported to be the signature of his wife, Kathrine Gaugler, but which in fact was a forgery. The note was due and payable on September 15, 1965, which was 12 days after decedent's death on September 3. Decedent's estate is grossly insolvent, and the bank has refused to pay over the sum claimed on the ground that it has a right of set-off against the $8,000 note.

Decedent was a builder and contractor, and his checking account at the bank was used for both business and personal transactions. The $8,000 note was the last in a series of 18 similar short-term notes for varying amounts, all of which were genuine as to the signature of decedent, but forgeries as to the signature of his wife. However, these transactions were commenced by the execution of a note dated August 16, 1963, for $10,000, which bore the genuine signatures of both Ernest Gaugler and Kathrine Gaugler. Mrs. Gaugler testified that she did not know why the money was borrowed by her husband, that she never received any of it. and that she signed only the original note. An official of the National Bank of Boyertown further testified that upon the renewal of each

note by a new note, in accordance with established custom, the old note was stamped "Paid By Renewal" and turned back to Mr. Gaugler. On each occasion, the note bore the forged signature of Mrs. Gaugler when decedent brought it to the bank, but Mr. Gaugler always signed the note himself before a witness.

The petition named both the National Bank of Boyertown and its surety, the Insurance Company of North America, as respondents. The Insurance Company of North America filed preliminary objections, contending that as it was an insurer only, it was not a proper party defendant. While this appears to be so, the disposition of the petition itself makes it unnecessary to pass upon the point specifically.

The bank filed an answer denying the pertinent allegations of the petition, and also set forth new matter alleging that the surrender of the original note was under a mistake of fact, the bank being unaware of the forgery, and that, as a result, a right of set-off exists based on the original and valid joint note. A reply was filed by petitioner, the matter was argued, and briefs have been submitted.

The rules governing set-offs against insolvent estates are clear, though the cases in which they were laid down have become very old. The debtor of an insolvent estate may set off his debt against any claim owned by him against decedent which was due and owing and reasonably ascertainable on the date of death. In Bosler v. The Exchange Bank, 4 Pa. 32, the court held that a bank could not set off decedent's notes held by it against its debt to him, when such notes did not become due until some time after the date of death. Shortly after this decision, a similar case arose in Light v. Leininger, 8 Pa. 403, except that the obligation of decedent was due and owing at the time of his death, and there the court followed the theory set forth in Bosler and allowed a set-off. While this ap-

pears to prefer the estate creditor with a set-off to those without, when the usual rules of distribution of an insolvent estate would not otherwise do so, this consideration gives way to the fact that the actual liability existing between parties with cross claims is the *net* amount due from one to the other. There are not two debts, but only one—the difference between the two claims—and it is this amount only which the bank can claim from the estate as a general creditor.

Applying this rule, therefore, we see that the case turns upon whether or not there was an obligation due and owed to the bank by Ernest Gaugler at the time of his death. Respondent cites the rule that the taking of a forged renewal note does not extinguish liability on the original note: West Philadelphia National Bank v. Field, 143 Pa. 473; Uhlig Estate, 109 Pa. Superior Ct. 604. We note, of course, that the forgery directly affects only the liability of Mrs. Gaugler, as the signatures of decedent were in every case genuine. However, regardless of the fact that the forgery did not diminish the individual liability of Ernest Gaugler and his estate, it is clear that in granting loans based on notes with a delayed maturity, the bank intended to obtain and believed that it was obtaining the joint liability of both decedent and his wife. Since it did not receive what it bargained for and agreed to take, and since this stemmed directly from decedent's fraudulent act, there was clearly such a mistake of fact that the liability on the original was continued.

At the hearing, the estate made some effort to demonstrate that the bank was negligent in accepting renewal notes under conditions permitting forgeries to occur. Even if this were so, however, it cannot change the fact that decedent's act induced the bank to accept the later notes contrary to its intention, and thus the note of August 16, 1963, remains in effect.

We, therefore, hold that the National Bank of Boyertown has a right of set-off as alleged by it, and that title to the account in question is in the National Bank of Boyertown.

The petition is dismissed.