## Trust Estate

*Irving I. Solit,* for petitioner.

*Ballard, Spahr, Andrews & Ingersoll,* for Provident National Bank.

*Marvin Fine, and Goodis, Greenfield, Henry, Shaiman & Levin,* for claimants.

*David S. Molod,* for Commonwealth.

SILVERSTEIN, J., March 9, 1973.—This matter comes before me on petition by the executor of the Estate of Hyman Trust, deceased, asking that Provident National Bank restore $8,196.91 to the checking account of the estate of Hyman Trust, deceased.

The facts were submitted by stipulation and are essentially as follows:

On December 10, 1970, Hyman Trust entered into a consumer credit loan with Provident National Bank, receiving from the bank $4,700 and agreeing to repay $4,935 in monthly installments. The proceeds of the loan were deposited in Provident account no. 508-426-1, which was the account used by Hyman Trust for his insurance agency business (hereinafter referred to as the "Hy Trust Agency Account.") The loan agreement had been signed by Hyman Trust, individually.

On October 13, 1970, Hyman Trust received a $5,000 cash advance on his Provident Master Charge Account, which was deposited in the Hy Trust Agency account on the same date.

At his death, Hy Trust owed Provident $8,196.91, consisting of $3,592.80 on the consumer credit loan and $4,604.11 on the Master Charge. The balance in the Hy Trust Agency account was $12,018.69.

On February 10, 1971, immediately following the death of Hyman Trust, Evelyn Lotman, who had a power of attorney to draw checks on the Hy Trust Agency account, presented a check payable to herself and drawn on the agency account in the sum of $11,380. Provident had no knowledge of the death of Hyman Trust and honored the check.

Thereafter, letters of administration were granted to Richard J. Trust in the Estate of Hyman Trust, deceased. Richard Trust opened an estate account at Provident National Bank and the funds withdrawn by Evelyn Lotman were deposited in the estate account together with other miscellaneous estate funds.

On March 9, 1971, Provident National Bank charged the estate checking account for the money

owed to it by decedent and deducted the same from the account without notice to the administrator. Thereafter, Provident discovered that it had overcharged the account by $384.13 and returned that sum to the account.

Subsequently, Hyman Trust's will was discovered, letters testamentary were granted to Isadore W. Trust and the letters of administration were revoked. Counsel for the executor made demand on Provident to restore the moneys which it had charged the estate account to the account. Provident rejected the demand on the grounds that it had exercised a legitimate right of setoff, and the executor filed the petition which is the subject of this opinion.

The sole question for determination is whether Provident National Bank properly exercised a right of setoff under the foregoing facts.

It appears from audit papers submitted with the executor's account, which is being audited concurrently with the determination of the issues presented in the petition, that the estate is hopelessly insolvent.

Further, it was agreed that all of the money in the "Hy Trust Agency" account was solely that of decedent and was not being held up by him as trustee for any of his clients.

The right of setoff which arises under the Defalcation Statute, 1705, 1 Sm. L. 49, sec. 1, 12 PS §601, permits parties with cross claims to setoff the obligations owing to each other. In Pennsylvania, a debtor may setoff the debt owed to it by a decedent against the claim of his personal representative for moneys owed even though decedent's estate is insolvent: Light v. Leininger, 8 Pa. 403 (1849); Gaugler Estate, 42 D. & C. 2d 453 (O.C. Montgomery, 1967). A bank may setoff the balance due it on decedent's notes

against the balance remaining in decedent's checking account at death: Gaugler, supra; cf. Southwark National Bank v. Beck, 98 Pa. Superior Ct. 213 (1930).

There is, however, a limitation on the bank's right to setoff. A bank may setoff a debt owed it by a decedent against decedent's account only if the debt has matured at the time of death: Bosler v. Exchange Bank, 4 Pa. 32 (1847). Accord, Kurtz v. County National Bank, 288 Pa. 472 (1927). The theory is that where there are two obligations which have matured, there is only one debt, the difference between the two claims.

Petitioner appears to concede on page 10 of his brief that there existed a right of setoff at the time of the death of Hyman Trust. However, in an earlier portion of the brief, petitioner urges that no right of setoff existed because the agreements were insufficient to establish a lien on decedent's bank account and the debts were not matured at the death of Hyman Trust.

As to the first contention, it is clear that the parties agreed that Provident look to the "Hy Trust Agency" account as security for its loans even though no specific reference is made to it in the agreement. The Consumer Credit Loan Agreement contained the following language:

"As collateral security for the payment of this or any other liability of the undersigned due or to become due or hereafter contracted for, directly or indirectly, the undersigned has deposited with Bank the following described property:

---

"The collateral security and *any securities or other after-acquired property* of the undersigned *which may hereafter be deposited* with or come into the

possession of Bank shall be applicable to secure the payment of this or any past or future indebtedness of the undersigned to Bank, and for this purpose Bank is hereby given a lien on and a security interest in all thereof." (Italics supplied.)

Similarly, the Provident/Master Charge Retail Installment Credit Agreement provided:

"11. Provident is hereby given a security interest in goods purchased with Credit Card and in *all of Cardholder's property now or hereafter in Provident's possession* to secure payment of any present or future obligation or liability which Cardholder may have to Provident." (Italics supplied.)

Whether the language of the agreements created an actual lien upon decedent's bank account need not be decided. No actual lien need be created for the right of set-off to accrue. All that need be shown is a matured claim by each party: Hicks Administratrix v. National Bank of Northern Liberties, 168 Pa. 638 (1895); Light v. Leininger, supra. In the case of a bank account, all a depositor possesses is the right to demand and receive the amount on deposit.

The real question, therefore, is whether Provident held a matured debt at the time of decedent's death. Petitioner does not dispute that the Master Charge debt was due and payable at decedent's death. He does contend that the Consumer Credit Loan debt was not matured at death because it was due and payable "at the option of Bank."

The specific language of the agreement is as follows:

"The undersigned agree that in the event of . . . (c) the death of any of the undersigned . . . , *the unpaid balance hereunder shall, at the option of Bank, immediately become due and payable without any notice or demand,* and Bank shall have all the

rights and remedies herein provided in case of default." (Italics supplied.)

Petitioner argues that the agreement gives the bank only an option to declare the debt immediately due and payable at death and thus prevents the debt from being matured at death. It is significant that no notice or other action is required on the part of the bank to make the acceleration clause effective. In Southwark National Bank v. Beck, supra, the depositor had signed a note eight days prior to his death which was not payable for three months, but which provided:

" 'In consideration of granting any credits by said bank, the undersigned agrees that in case of the failure, insolvency, receivership or death of the undersigned . . . any and all claims or demands against, or other obligations of the undersigned held by said bank, shall, *at its option* immediately become due and payable": National Bank v. Beck, 98 Pa. Superior Ct. 213, 214. (Italics supplied.)

The court held the acceleration clause valid and approved the action of the bank in appropriating decedent's bank account after his death.

I find as a matter of law that the debt due under the Consumer Credit Loan Agreement was, by virtue of the acceleration clause contained therein, due and payable immediately upon the death of Hyman Trust. Therefore, the bank had a right of setoff exercisable immediately against decedent's bank account.

The next question is whether Provident may exercise the right of setoff after the funds had been improperly withdrawn from decedent's checking account after death and fortuitously returned to the bank in the form of the account of the administrator of the estate of Hyman Trust, deceased.

The facts do not present a problem of tracing because it is admitted that the funds deposited in the administrator's account were the same funds as those which had been withdrawn from decedent's checking account. The amount withdrawn from the checking account was in excess of the amount of the setoff. No question of asserting a setoff against property which was not in the possession of the bank at the time of decedent's death is presented.

In the instant case, it is clear that had Evelyn Lotman not withdrawn the funds from the "Hy Trust Agency" account, Provident could have exercised its right of setoff against the funds. It is also clear that her withdrawal was improper and without legal effect because of the death of her principal, Hyman Trust: Kern Estate, 176 Pa. 373 (1896).

The estate's position is that Provident lost the right to setoff upon the withdrawal of the funds and cites Webb Estate, 391 Pa. 584 (1958). The only issue decided in Webb was that the orphans' court had sole jurisdiction to determine the issue of whether a real estate agent to whom decedent owed money and who had been retained to collect rents by decedent's administrators could retain the rents so collected as a setoff against the debt.

There was no negligence on the part of Provident in honoring the check which Evelyn Lotman presented for payment after the death of Hyman Trust. Restitution has been allowed even where there has been negligence on the part of the bank: Girard Trust Company v. Harrington, 23 Pa. Superior Ct. 615 (1903).

If this were an action by Provident against Evelyn Lotman for the return of the money which she withdrew from the "Hy Trust Agency" account, Provident

would be entitled to an order directing that the money be repaid.

It is also clear that, but for the intervention of Evelyn Lotman, Provident would have been entitled to setoff decedent's indebtedness against the amount on deposit in his account even though the personal representative petitioned to have it paid to him and alleged that the estate was insolvent.

In support of its position, Provident cites A.L.I., Restatement, Restitution, §163, which provides that where property has been transferred by an owner as the result of a mistake which would entitle the transferor to restitution, the transferee holds the property under a constructive trust. Any third party to whom the transferee makes a further transfer holds the trust corpus impressed with the rights of the rightful owner: Bretherick Trust, 19 D. & C. 2d 272 (O. C. Del. Co., 1959). The principle is particularly applicable where the ultimate transferee is the personal representative of the estate of the deceased depositor. Certainly, his rights in the fund cannot be increased by the intervention of a third party who had no right to the fund in the first place.

Under the specific facts as presented in this case, I find that the action of the Provident in asserting a setoff against the funds on deposit in the administrator's account was proper.

This decision must not be taken by banking institutions as authorization to setoff debts owed to it by decedents against deposits made with them by the personal representatives of deceased debtors. The proper time and place for asserting claims against the estates of decedents is at the audit of the personal representative's account.

For the foregoing reasons, I enter the following

## DECREE

And now, March 9, 1973, the petition of Isadore W. Trust, executor of the Estate of Hyman Trust, deceased, for an order directing Provident National Bank to restore to the checking account of the estate of Hyman Trust, deceased, in the said institution the sum of $8,196.91 is dismissed.